THE FORT WORTH & DENVER CITY RAILWAY COMPANY V. ROENA MEASLES AND HUSBAND.

No. 6837.

1.  **Testimony Relevant — Notice.** — In an action against a railway company by the parents of a child of tender years, for bodily injuries caused it from a turntable in a public place, unguarded and unfastened, to which children theretofore had resorted and had been injured, the testimony was competent of a boy that eighteen months before he himself had been injured at the same place by the turntable; also that he had sued the defendant for damages for the injury; also the record of such suit was competent on question of alleged notice to the company, etc.

2.  **Damages—Average Boy's Work.** — It was competent to prove that *an average boy's* labor from eight to twenty-one years of age was worth $10 a month, the testimony showing that the injured boy before the accident had been healthy and was obedient.

3.  **Case Adhered to—Evidence and Damages.** — Brunswig v. White, 70 Texas, 504, adhered to as to duty of juries in using their own judgment and experience in fixing the amount of damages from injury to a child upon testimony to its age and physical and mental traits.

4.  **Charge—Necessary Expenses.** — Where the petition itemized amounts sued for, the charge should limit the jury to such items. *Lost time* submitted in such case as further basis for compensation was error.

5.  **Verdict for Damages—Remittitur.** — Where the verdict shows the items and amount of each allowed, and some of them are without allegations in whole or in part to sustain them, a remittitur will be allowed on appeal as to such items.

APPEAL from Wichita. Tried below before Hon. P. M. Stine. The opinion states the case.

*J. M. O'Neal,* for appellant.—1. The court erred in its charge to the jury in stating the measure of damages, as follows: "In estimating the damages you will take into consideration the diminished ability of said child to render service to his parent until he should arrive at the age of 21 years, and also all expenses for medicines and extras required in effecting a cure, and all reasonable medical bills for which the parent is liable, and all necessary expenses in effecting a cure." Railway v. Nixon, 52 Texas, 19; Railway v. Ormond, 62 Texas, 274; Railway v. Greenlee, 62 Texas, 351; Railway v. Boehm, 57 Texas, 152; Gereke v. Railway, 22 Am. and Eng. Ry. Cases, 556; Patt. Ry. Acc. Law, 473.

2.   The verdict of the jury is not supported by the testimony, is contrary to the law, is excessive, and not based upon the pleadings.

*G. G. Randall* and *W. W. Wilkins,* for appellees, cited Railway v. Wilkes, 68 Texas, 618; Railway v. Brazzil, 78 Texas, 314.

TARLTON, JUDGE, *Section B.*—This suit was instituted in the District Court of Wichita County by Roena Robertson, now Roena Measles, against the defendant, on the 5th day of October, 1887.   After the institution of the suit the plaintiff intermarried with James Measles, and on the 26th day of April, 1888, by leave of the court, amended her original petition and joined the said James L. Measles with her as plaintiff. The suit was then prosecuted by appellees, plaintiffs below, against appellant, defendant below.   By their amended petition plaintiffs sought to recover of appellant damages alleged to have been sustained by them by reason of injuries received by John Robertson, a minor aged 7 years, and son of Roena Measles, on the 24th day of July, 1887, while playing on a turntable situated at Wichita Falls, in Wichita County, and owned and used by appellant in operating its railway through Wichita County; said injuries having been received by the said John Robertson by reason of the negligence of appellant in permitting said turntable, a dangerous machine and easily set in motion, to remain unfastened and unguarded, in an exposed place in the town, easy of access, on a much-used pathway, and near a public street or alley. Plaintiffs alleged that the turntable was an attraction to children to play upon it, which the children of the town did and had done for a long time prior to the date in question, as defendant, its agents, and servants knew or might have known by the use of proper diligence; that the child John Robertson, being too young to appreciate and avoid the danger, on July 24, 1887, without the knowledge and consent of his mother, was playing on said roundtable with other children of tender years, and while so playing his person, in the revolutions of the table, was caught between the portion in motion and that not in motion, and he was so injured that it became necessary to amputate his right leg, and his left leg was rendered permanently useless; that the boy was an obedient child and before the injuries stated was healthy, and that he would have been of great service to his mother up to the time of his maturity.   Plaintiffs claimed damages in the sum of $10,000, and alleged special damages as follows:   $5000 for loss by Roena Measles of the services of John Robertson; $500 expenses incurred for medical attention; $500 for medical services in the future required by the condition of John Robertson; $100 for nursing, and $100 for future nursing necessitated by the injuries complained of, and $50 for extra food.

Defendant answered by general demurrer, special exceptions, and general denial; and on April 28, 1888, the jury by whom the case was tried returned a verdict itemized as follows:

"Doctor's bills incurred during sickness of child......... $500.00
"Drug bills incurred during sickness of child............. 38.00
"Lost labor of parent during sickness of child............ 200.00
"Extra food for child during sickness of child............ 200.00
"Diminished value of child's services to parent (caused by
   accident) until he is 21 ............................... 1062.00

   "Total amount of damages assessed .................$2000.00"

From the judgment entered on this verdict defendant appeals to this court.

Guy Holman, a witness for the plaintiffs, was permitted to testify, over the objection of the defendant, that on one occasion a year and a half before the trial he and other boys were on the turntable pushing it around, and that it was not fastened.

Defendant assigns as error the action of the court in admitting this evidence, which it alleges was irrelevant to any issue in the case. In connection with this testimony the witness further stated that he was injured on the occasion referred to, and it appears elsewhere from the evidence that suit had been brought in the District Court of Wichita County by the witness Holman on account of this injury. We think the evidence tended to support the allegation of plaintiff's petition to the effect that children had before played upon the turntable, which averment, in connection with the further allegation that the defendant knew this fact and knew the condition of the turntable, was relevant and material on the issue of negligence. The objection was properly overruled. Facts relating to relevant facts are themselves relevant and admissible.

Another witness, C. E. Reid, clerk of the District Court, testified over objection by defendant, that a suit had been brought in that court against the defendant by Guy Holman, the boy who had previously testified, and that as shown by the appearance docket the suit was filed April 19, 1887. This is the suit above referred to. This evidence was offered by plaintiff for the purpose of showing notice to the defendant company of the condition of the turntable and the danger of leaving it in that situation. It was objected to on the ground that there is no allegation of notice in plaintiff's petition; and further, that it is incompetent to prove notice by such means. We think that the allegations heretofore set out aver notice in the defendant of the condition of the turntable and the danger thereto incident, and that it was competent to prove these allegations by showing the institution of the suit referred to, which involved notice of the conditions referred to.

J. A. Bradley, a witness for the plaintiffs, testifying as to the value of the services of boys at an age from 8 to 21 years, had stated that the services of some boys are worth a great deal and the services of others nothing, when plaintiffs' attorney asked him "to strike an average,

somewhere along there, of a boy's services." To this the witness replied, over the objection of defendant, that "he hardly knew where to place the average of a common laborer; he supposed about $10 a month." The objection urged was that the evidence "furnished an improper measure of damages in the case," and appellant complains that the court erred in overruling the objection.

In a case like the present it is proper for the jury to consider, in arriving at a just estimate of the damages, the extent to which the capacity of the injured party to earn money has been impaired. Gercke v. Railway, 22 Am. and Eng. Ry. Cases, 556. This naturally involves an inquiry into the value of the person's services. If, therefore, there was evidence showing that the boy John Robertson possessed the qualities for work of an average boy, the testimony complained of would seem to have reference to the proper measure of damages. It had been shown that the boy was obedient and healthy; that he was therefore both willing and able to work; and hence that his services would be as valuable at least as those of an average boy.

It is extremely difficult, in fact impossible, in this class of cases to procure expert testimony as to the value of a child's services. As the case is one involving injury to a child of undeveloped faculties, it would seem to be only necessary to prove the willingness and the capacity of the child, his age, and his relationship to the next of kin, and the extent to which he has been injured, leaving to the jury, as "men of knowledge and experience in relation to matters of common observation," the task of assessing the pecuniary damages upon the facts proved. Brunswig v. White, 70 Texas, 504, and authorities cited. While the evidence complained of may have been unnecessary, it was nevertheless neither impertinent nor improper.

In the third paragraph of its charge the court submitted to the jury the question whether defendant's agents and servants knew that its turntable was located in a public place where children were likely to go or are in the habit of going for the purpose of amusement. Appellant suggests in his fifth assignment that this instruction was error "in the absence of any evidence that defendant, its agents, or servants knew that children were resorting thereto." There was evidence showing that the turntable was in a public and an exposed place; that it was unguarded and unfastened; that children had before played upon the turntable; that one child had been injured there, and that suit had been brought against the defendant on account of the injury. We think this was sufficient to justify the charge.

The court in the fourth paragraph of its charge instructed the jury as follows: "In estimating the damages you will take into consideration the diminished ability of said child to render service to his parent until he should arrive at the age of 21 years, and also all expenses for medicines and extras required in affecting a cure, and all reasonable

medical bills for which the parent is liable, and all necessary expenses in effecting a cure."

A charge should not submit to the jury matters not within the scope of the pleadings. The items of expenses incurred by the plaintiff Roena Measles were specified in the petition. They were limited to expense for medical services, for medicines, for nursing, and for extra food. The condition of the child might have required other necessary expenses than these, but they could not form the basis of a verdict or a judgment, because not alleged. The expression, "and all necessary expenses," contained in the foregoing instruction, was erroneous, in that it permitted the jury to consider necessary expenses (such for instance as "loss of time") other than those stated.

Among the items of the verdict are the following: "Lost labor of parent during sickness of child, $200;" "extra food during sickness of child, $200." The first of these two items is wholly without an allegation to support it; the last exceeds in the sum of $150 the allegation with reference to "extra food." It is clear, then, that to the extent of $350 the verdict is erroneous. Hall v. Jackson, 3 Texas, 305. With reference to the remainder, we think the verdict sustained by the evidence. The doctor's bills amounting to $500 and the drug bill to $38 were proved. The amount for the diminished value of the child's services is not excessive. One witness placed the value of his services at from $300 to $400 per year; another at $10 per month. His condition, his age, his relationship to the principal plaintiff, the serious character of his injuries, the previous soundness of his health, and his willingness to work, were all submitted to a jury, and support their verdict in this regard.

For the errors above pointed out we would be required to reverse the judgment and remand the cause but for the fact that appellees offer to remit any amount that this court shall require to correct the verdict of the jury in any of its items. As the verdict is itemized and the excess ascertainable by reference to items and amounts unsupported by plaintiffs' allegations as heretofore shown, we see no objection to the adoption of the course suggested. Where the vice in a verdict consists in an excess of damages, which excess is not due to passion or prejudice on the part of the jury, and the precise extent of which can be fixed by reference to the record, a remittitur should be allowed even in this court. Railway v. Wilkes, 68 Texas, 617; Railway v. Brazzil, 78 Texas, 314. The excess of the verdict in this cause is not in our opinion due to passion or prejudice, but to evidence as to "lost time" and the value of "extra food" admitted without objection but without support in the pleadings and erroneously submitted in the court's charge.

We therefore recommend that the judgment be reformed so that it shall be for the sum of $1650, with interest at 8 per cent from the date

of its rendition below, and all costs there incurred, that appellees pay all costs of this appeal, and that so reformed the judgment be affirmed.

*Reformed on entry of remittitur.*

Adopted June 23, 1891.