TEXAS & PACIFIC RAILWAY COMPANY V. R. B. HALL AND WIFE.

No. 3283.

1.   **Continuance.**—Considering an application for continuance which failed to show whether it is for a first, second, or subsequent continuance, it would be necessary for the court on appeal to be satisfied, that when treated as either it shows that the refusal of the continuance was a wrong, before being considered ground for reversal.

2.   **Diligence to Secure Witness.**—It seems that due diligence to obtain the attendance of a witness residing in the county is not shown unless a tender of witness fees be shown upon service of a subpœna.   The witness should be in contempt upon nonattendance, and a state of facts authorizing the issuance of an attachment should appear.

3.   **Parties—Father and Mother May Sue for Son's Death.**—The statute gives damages to both father and mother for their son's death.   The statute (Rev. Stats., art. 2904) provides, that "the action may be brought by all of the parties entitled thereto," etc.   Both may join as plaintiffs.

4.   **Practice—Exemplary Damages.**—The charge of the court confined the jury to consideration of actual damages.   Errors, if any, touching the question of exemplary damages, on appeal by the defendant are immaterial and will not be passed upon.

5.   **Declarations as Part of Res Gestæ.**—Action by parents against a railway company for negligently causing the death of their son.   Several witnesses testified to material statements made by the boy after he was injured, in regard to what he was doing at the time and how the injury occurred.   The declarations were made immediately after the injury and before he was removed from the ground.   *Held,* that this testimony was properly admitted as part of the res gestæ.

6.   **Due Care by Boy of Tender Age.**—In submitting the issue of proper care on part of the injured party who is of tender age, that fact must be considered by the jury. The charge of the court properly required the jury, "to consider the age of the boy at the time."   His age was about 14 years.

7.   **Fact Case.**—See facts held sufficient to support a verdict for the parents against the railway company for negligently killing their son, aged about 14 years.   The verdict was for $2500.

APPEAL from Dallas.   Tried below before Hon. R. E. BURKE.
The opinion states the case.

*R. S. Lovett* and *T. J. Freeman,* for appellant.—1.   Where an application for continuance is made on account of the absence of a witness whose testimony is shown to be material, and the want of statutory diligence is sufficiently excused to bring the application if not within the

letter at least within the spirit of the statute, the application should be granted. Railway v. Henning, 52 Texas, 474; Price v. Lauve, 49 Texas, 81.

2. All property derived during marriage by reason of personal trespass committed upon any member of the family belongs to the community, and in a suit to recover damages for a personal injury done to any member of the family during marriage, if the husband be living he is the only proper party to maintain the action. Railway v. Burnett, 61 Texas, 639.

3. The Constitution of the State of Texas has in express terms limited the right to recover punitory or exemplary damages for injuries resulting in death, to the surviving husband or widow of the deceased and heirs of the body of said deceased; and in so far as the statute extends this right of recovery to the surviving parents of deceased, it is unconstitutional. Const. 1876, art. 16, sec. 26; Rev. Stats., art. 2903; Winnt v. Railway, 74 Texas, 32–35; Railway v. Baker, 57 Texas, 419.

4. Declarations made by an injured party after the injury, stating how it occurred and what he was doing at the time, are not admissible in evidence, the same being hearsay and no part of the res gestæ. Railway v. Crowder, 70 Texas, 226.

5. On charges refused. [See opinion.] Railway v. York, 74 Texas, 364; Railway v. Bracken, 59 Texas, 73; Railway v. Garcia, 75 Texas, 583; Railway v. Dean, 76 Texas, 73.

6. It is the duty of a person about to cross a railway track to exercise ordinary care and prudence to ascertain whether cars are approaching or not, and to avoid danger; and a failure to exercise such ordinary care and prudence would be such negligence as would prevent a recovery for damages sustained. Railway v. York, 74 Texas, 364; Railway v. Bracken, 59 Texas, 73; Railway v. Garcia, 75 Texas, 583; Railway v. Dean, 76 Texas, 73.

*John Bookhout, R. H. Capers,* and *C. A. Culberson,* for the appellees.— 1. The continuance was properly refused. Arnold v. Hockney, 51 Texas, 46; Railway v. Hardin, 62 Texas, 369; Allyn v. Willis, 65 Texas, 65; Watson v. Blymer Man. Co., 66 Texas, 559.

2. The father and mother are proper and in some form necessary parties plaintiff in this character of suit, and the ruling of the court to that effect was correct. Rev. Stats., art. 2904; Railway v. Le Gierse, 51 Texas, 189; Railway v. Culberson, 68 Texas, 664.

3. The statute (arts. 2901, 2903) authorizing a recovery of exemplary damages by the parents for the wrongful killing of a child is constitutional and has been so held by this court in a case distinctly presenting the issue. Railway v. Harper, Galveston Term, 1883, unreported. *By the constitutional provision in question the Legislature is not* prohibited from conferring the right of exemplary damages upon the

parents; it is only prohibited from interfering with the rights thereby created. State v. Rogers, 13 Cal., 159; Purczell v. Smidt, 21 Iowa, 540; State v. Tait, 22 Iowa, 141; People v. Commissioners, 15 Mich., 346; Sill v. Corning, 15 N. Y., 297; In Re Railway, 102 N. Y., 343; Sharpless v. Philadelphia, 21 Pa. St., 14; Patterson v. Barlow, 60 Pa. St.; Endlich's Inter. Stats., sec. 533. The case of Railway v. Baker, 57 Texas, 419, having arisen before the adoption of the Revised Statutes, which first conferred the right upon the parents, is without application. That the statute is valid and operative was recognized by this court in Railway v. Cowser, 57 Texas, 305. The case of Winnt v. Railway, 74 Texas, 32, does not decide that the statute is void, as contended by appellant, but merely reiterates the rule laid down in Railway v. Baker, supra. Besides this, the charge of the court having limited the recovery to actual damages, the ruling complained of here, if erroneous, did not operate injuriously to appellant.

4. The court properly admitted the testimony to the statement of the deceased made to the witnesses immediately after the injury was inflicted. It was part of the res gestæ. Railway v. Robertson, 82 Texas, 657; McGowen v. McGowen, 52 Texas, 657; Galveston v. Barbour, 62 Texas, 176; Pilkinton v. Railway, 70 Texas, 231.

5. (1) The correct charge on contributory negligence was given in the principal instructions of the court, as proper regard should have been paid to the tender age of the deceased and to all the surrounding circumstances. Railway v. Lee, 70 Texas, 496; Railway v. Boozer, 70 Texas, 530; Railway v. Dyer, 76 Texas, 156; Duame v. Railway, 35 Am. and Eng. Ry. Cases, 416.

(2) The charges requested wholly ignored the undisputed fact that the deceased was only 13 years of age, and small for his age, not appearing to be over 10 or 12 years, and required of him the care and discretion of an adult. Railway v. Boozer, 70 Texas, 530; Railway v. Walker, 70 Texas, 126; Bish. Non-Con. Law, secs. 586, 587, 1047; Cooper v. Railway, 66 Mich., 261; Erwin v. Railway, 35 Am. and Eng. Ry. Cases, 394, and note, giving authorities in full.

(3) Each of these charges in effect assumes that the doing or failure to do certain acts would constitute contributory negligence, when, as in the general charge, the question should have been left to the jury. Railway v. Dyer, 76 Texas, 156.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellants to recover damages for the death of their son, who was at the time of his death a few months under 14 years of age.

Upon the verdict of a jury a judgment was rendered in favor of plaintiffs for $2500. Plaintiffs' original petition was filed on the 12th day of December, 1888, and the cause was tried in September, 1891.

The defendant filed the following motion for a continuance, and now complains of the action of the court in overruling it:

"Now comes defendant and says, that it can not safely go to trial in this cause for want of the testimony of Sallie Davis, who resides in the city and county of Dallas, Texas; that it has used due diligence to procure the testimony of said witness, to-wit: it caused subpœna to be issued to Dallas County for said witness on the —— day of December, 1890, which was duly served upon said witness, and in obedience thereto she attended the December term of said court until said cause was disposed of at said term; and she again attended this court as a witness in this cause at the last term of this court, and promised to attend further terms of this court as a witness in the cause until it should be disposed of; on the —— day of September, 1891, defendant caused to be issued by the clerk of this court a subpœna to said witness commanding her to appear as a witness in this cause at the present term of this court; that said subpœna has not been served upon said witness, because she could not be found, though defendant has caused to be instituted diligent search for her; that said witness has recently left this place, where she formerly resided in the city of Dallas, which defendant did not anticipate and did not know until two days ago; that defendant is informed and believes that said witness is now in the country engaged in picking cotton, and will soon return to reside again in the city of Dallas, but her present whereabouts are unknown to defendant, though diligent efforts to learn the same have been made. That the testimony of said witness is material to defendant's defense in this cause, to-wit: It expects to prove by said witness substantially that she was present when the car ran over and inflicted upon plaintiffs' deceased son the injuries resulting in his death, for which recovery of damages is sought in this cause; that said deceased boy caught hold of and attempted to mount said car, and in so doing fell thereunder, whereby his said injuries were sustained, without fault upon the part of defendant, its servants, or agents. Defendant says, that said testimony can not be obtained from any other source, and if this cause is continued it expects to obtain the testimony of said witness at the next term of this court. Defendant further says, that it did not take the deposition of said witness for the reason that said witness has heretofore attended this court as a witness in this cause, and promised and assured defendant that she would continue to attend as such witness until this cause should be disposed of, and the personal testimony of said witness was deemed more satisfactory and effectual than by deposition. Defendant further says, that this continuance is not sought for delay only, but that justice may be done."

The District Court of Dallas County (the Fourteenth Judicial District) is held four times in each year. It convenes on the second Mondays in March, May, September, and December. The record fails to

show whether the application was a first, second, or subsequent one. If it was neither a first nor a second application, or, if being either it is not made to appear that every means given by the law to procure the attendance of the witness was used, it was within the discretion of the court to determine whether it should be granted; and a very clear abuse of such discretion should be shown before it would be proper for this court to reverse the judgment for that cause.

The application shows that the witness attended the court in obedience to the subpœna at the December term, 1890, and that she also attended at the next May term, but it does not appear that she continued to attend at that term until she was discharged, nor that she attended at all at the March term of the year 1891.

The record indicates that the defendant could have placed itself in a position to have had the witness attached. A mere service of a witness by subpœna without a tender of the fees of the witness is the slightest diligence that a party can use. Her lawful fees not having been paid nor tendered, she was not in contempt of court nor subject to a fine as she would otherwise have been.

As the record fails to show whether it was a first, second, or subsequent application, it would be necessary for us to be satisfied that when treated as either it shows that the refusal of a continuance was wrong, before we would be justified in reversing the judgment for that cause. We are of the opinion that the court decided correctly. Hipp v. Huchett, 4 Texas, 20; Railway v. Hardin, 62 Texas, 369.

The court did not err in overruling the defendant's exception to the plaintiffs' petition upon the ground that there was a misjoinder of parties plaintiff.

The suit was brought by the father and mother of the deceased child. The statute gives damages to both in such cases (Rev. Stats., art. 2903), and prescribes who may join as plaintiffs, as follows:

"Art. 2904. The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all."

It is contended that the court erred in overruling the defendant's special exception to the petition on the ground that it failed to state a case authorizing the recovery of exemplary damages.

It is argued, that by our Constitution (art. 16, sec. 26) the right to recover such damage for the death of a human being is limited to the surviving husband and wife and heirs of the body of the deceased.

We deem it unnecessary to express an opinion as to the constitutionality of the statute that, it is contended, authorizes the recovery of damages in such cases by relatives other than those named in the Constitution; because, though plaintiffs in their petition claimed such damages, the charge of the court clearly limited the jury to the consideration of actual damages only. The only reference in the charge to the grounds or measure for damages reads as follows:

"If from the above you find for the plaintiffs, then the measure of recovery will be whatever you find and believe will compensate them for the loss of the services of their son until he would have arrived at the age of twenty-one years; and in considering this you will look to his habits of energy and economy, his age, etc., and from all the evidence before you on this point say by your verdict what would compensate them for the loss of his services, taking into consideration the expenses they would have probably incurred on the boy until he would have reached his majority."

If the jury observed this charge, and there is nothing in the record to lead us to conclude that they did not, it is clear that they did not consider nor include in their finding anything as vindictive damages. In this view the ruling upon the exception to the petition, whether right or wrong, becomes immaterial. In this connection, the defendant requested the following special charge, which the court refused to give:

"You are instructed, that if the plaintiffs in this case are entitled to recover at all, they are only entitled to recover actual damages, and are not entitled to recover exemplary damages at all. The measure of actual damages in cases of this kind is the value of the services of the minor child from the date of his death until the period of majority, less the cost of the support of the minor during such time. Should you therefore find the defendant liable at all in this suit, in estimating the amount of actual damages you will ascertain the value of the services of the deceased boy until he arrived at the age of majority, and deduct therefrom the cost of his support during such time."

As the instructions already given by the court had practically eliminated from the case the issue of exemplary damages, no harm could have resulted to the defendant from the refusal of the court to give so much of the requested charge as affected that issue. But the charge contained some matters not considered by us to be entirely correct, and also some which were better expressed in the charge given by the court.

E. D. Langley, witness for plaintiffs, testified, upon examination in chief, that he was sitting in his wagon at the time the boy was injured, waiting for a train to pass; that there was a train on the crossing; that he was waiting for the train to get by so he could get past; that Edgar Hall and another boy came along about that time, and one of them stepped back to wait for the train to pass and the other one went across in front of the cars; there were several tracks at this crossing, the car that was passing being on the main track; the boy that got hurt stepped back on the extreme north track next to the compress; that there were two cars switched down on the track next to the compress, and one of these cars struck the boy. He does not know which way the boy was looking when he was struck; he knows he was looking at and watching the moving train, which was southeast of where he fell; the train

was moving east and south of him; the car that struck him was going east. There were four or five tracks in the yard, and he was on the extreme northern track; the extreme northern track is a switch that goes around to the cotton compress. The cars struck him right at the crossing of the street, and right at the end of the platform. I saw the boy just before the car struck him; he was standing there waiting for the train to pass, intently looking at the train as it was going east on the main track, and while he was watching this other train going east, these two cars struck him "sorter" on the side.

On cross-examination he testified: I saw the engine when it kicked these two cars back, and saw the cars going east and the engine going west. This boy stopped when he saw the train on the main line approaching, but the other little boy went on. I do not know how far the boy who was killed was from the passing train when he stopped, but he was right near the passing train. Up Market Street, where the engine turned these cars loose, is about fifty or sixty yards over there to the place where they stopped. I could see them as they were coming down. I saw the engine when it kicked these cars down here. A party standing on the track where the boy was could have seen cars up where the two cars that struck him came from; if he had looked he could have seen a train up there, and could have seen it in sufficient time for him to have gotten off. He could have gotten off in time if he had seen them when they were first turned loose.

Mrs. E. J. Brown, witness for plaintiffs, testified, that she saw the accident to the boy Edgar Hall; that she and one Mrs. Adams stopped to wait for a train to get out of the way so she could get across the track; that the employes of the railway were switching cars on the track with an engine. The boy had come to the track and stopped, and was talking to another little boy across the track, but she could not understand their conversation. The little boy was going down Market Street toward the main part of the city. He had just started to walk across the track, and was looking in an easterly direction, and seemed to be watching some box cars which were moving in an easterly direction.

On cross-examination she said: I saw the little boy about a minute before he was hurt; he was standing on the track and talking across the track to another boy. He then started to walk across the track, when he was struck.

Mrs. E. C. Norton, witness for plaintiffs, testified, that at the time the little boy was injured the railway engine was switching cars on the track; there were cars across the street, and the boy had to stop to let the cars get out of the way so he could cross the street. I saw him but a little while before he stopped; he was standing with his face in a southeasterly direction and seemed to be watching the movement of the train of box cars which had been pushed from the west. As soon

as the cars got from across the track, he picked up his satchel of papers as if to start, and I took my eyes off of him, when I heard people scream and the little boy screaming; my impression is that the box car struck him.   On cross-examination she says: My attention was attracted to the little boy by another boy calling to him from across the street for a paper; he threw him the paper, but the boy across the track said that was not the paper he wanted, when he said, "Hold on, I will get you the right one," and took off the satchel from around his neck and stooped down with his back toward the cars looking in the satchel for the paper, when he was struck by the cars.

J. A. Kelley, witness for defendant, testified in substance as follows: I recollect about the little boy getting hurt about the compress platform in December, 1888.   I was coming from Keating's warehouse just beyond the railway, and saw two little boys; one was rather a fleshy boy, and the other was rather a slim boy; the fleshy boy was running along by the side of the cars, and the other boy, not quite so heavy as the other one, was hanging on to the cars.   I saw the brakeman on the cars motion a stick at the boy, and was telling him to get off of the car and get away.   The boy swung on the car, and the brakeman came to the edge of the car and started down the steps as far as he could go and drove the boy off the car.   I went on to Keating's, and was there fifteen or twenty minutes, and then went back over there and saw the slim boy lying on the platform with his hands behind him and his legs crushed.

Several witnesses testified to material statements made by the boy after he was injured in regard to what he was doing at the time and how the injury occurred.   The evidence was objected to by the defendant on the ground that it was hearsay and irrelevant.   It appears that the declarations were made immediately after the occurrence of the injury and before the boy was removed from the ground.   The evidence was properly admitted as part of the res gestæ.   Pilkinton v. Railway, 70 Texas, 230; Railway v. Robertson, 82 Texas, 657.

The refusal of the court to give the following charges at the request of the defendant is assigned as error:

"You are instructed, that plaintiffs, in order to recover against defendant herein, must not only show that the injury to the deceased boy was occasioned by the negligent acts of the defendant herein, but said evidence must satisfy you that the deceased boy in no way contributed to the same.   You are therefore instructed, that if you find and believe from the evidence that the deceased boy saw, or could have seen by the exercise of ordinary care and prudence, the approaching cars, or by the exercise of ordinary care and prudence could have kept off the track and prevented the accident, and that he failed to exercise ordinary care and prudence in attempting to cross the railway track in the face of the approaching train, then you will find for the defendant.

"You are instructed, that it is the duty of a person crossing a railway track, either at a public crossing or elsewhere, to exercise ordinary care and prudence to ascertain whether or not cars are approaching; and if a person fails to use such ordinary care and prudence, and is injured thereby, he is guilty of contributory negligence and can not recover. You are therefore instructed, that if you believe from the evidence that the boy, Edgar Hall, failed to exercise care and prudence in crossing the railway track at the time he was killed, you will find for the defendant."

The charges should not have been given, because they failed to attach importance to the tender age of the deceased. The charge of the court upon the issue of contributory negligence was full and complete in other respects, and besides was made applicable to the case on trial by including the following language: "You will look to and consider the age of the boy at the time."

The only remaining assignment of error is, that "the court erred in overruling defendant's motion for a new trial, based upon the ground that the verdict was contrary to and unsupported by the evidence, in this: Because the uncontradicted evidence was to the effect that the boy, Edgar Hall, placed himself upon the track of the defendant railway company without exercising any care or prudence whatever to ascertain whether the cars were approaching; and remained upon said track and was run over by defendant's cars; that had said boy exercised any care or prudence whatever to ascertain the approach of said cars that had been kicked back, he could have done so and thus have prevented the accident that occurred to him. The evidence further showing that the accident occurred in the yard of the railway company where switching was being done constantly, and that the boy was well aware of this fact, and with full knowledge of this fact placed himself upon the track of the company in said yard; and exercised no care or prudence whatever to ascertain whether or not cars were approaching or likely to approach."

We are not prepared to say, considering all the circumstances of the case, that the verdict of the jury was unwarranted by the evidence.

The judgment is affirmed.

*Affirmed.*

Delivered March 11, 1892.