HOLLAND v. ADAMS et ux. (No. 2358.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 20, 1921.)

1. Death ⊜99(3)—$2,000 actual damages for death of boy 11 years old held warranted by evidence.

In an action for the death of a boy 11 years old, bitten by a rabid dog, evidence that the father had to borrow money to send the boy to the Pasteur Institute for treatment, and that the boy was the oldest of three children, was healthy, bright, and intelligent, worked every day, and was a good hand, warranted a verdict for $2,000 actual damages.

2. Death ⊜93—Exemplary damages held not recoverable for death of child bitten by rabid dog.

Though there was evidence that a dog was vicious and that defendant knew of such viciousness, where an action for the death of a boy was tried on the theory that it bit the boy because it was rabid and not because of viciousness, and there was no evidence that defendant knew the dog was rabid though there was evidence that he had reason to believe so, exemplary damages provided for by Vernon's Sayles' Ann. Civ. St. 1914, arts. 4696, 4698, "in case of gross negligence" were not recoverable.

Appeal from District Court, Titus County; J. A. Ward, Judge.

Action by C. A. Adams and wife against E. F. Holland. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

June 27, 1919, appellees' son Clarence, 11 years old, while at work with his father in a field about a mile from where appellant lived, was bitten by a rabid dog belonging to appellant. July 28, 1919, the boy died of hydrophobia caused, the testimony indicated, by the bite of the dog. Alleging that appellant was liable to them for the pecuniary loss they suffered because of the death of the boy, and also to pay them damages by way of punishment, appellees sued and recovered the judgment for $2,000 actual and $1,000 exemplary damages, from which the appeal is prosecuted.

Hutchings & Engledow, of Pittsburg, for appellant.

J. F. Wilkinson, Jno. A. Cook, and J. M. Burford, all of Mt. Pleasant, for appellees.

WILLSON, C. J. (after stating the facts as above). Appellant insists the evidence did not warrant a judgment against him for either actual or exemplary damages.

[1] The contention, so far as it refers to actual damages, is that there was no testimony showing the "aptitude and willingness" of the boy to do useful work, nor the "cost of maintaining" him until he became 21 years old, and hence that there was no basis for finding as to the value of services he could be expected to render. In their petition appellees alleged and the testimony showed that they were tenants on appellant's farm. The father testified he had to borrow money necessary to pay the expense of sending the boy to the Pasteur Institute at Austin for treatment after he was bitten by the dog; and further testified that the boy was the oldest of his three children, that he was healthy, bright, and intelligent, worked every day, and was a "good hand." We think this testimony warranted the finding the jury made as to actual damages. Brunswig v. White, 70 Tex. 504, 8 S. W. 85; Ry. Co. v. Measles, 81 Tex. 477, 17 S. W. 124; Ry. Co. v. Sciacca, 80 Tex. 355, 16 S. W. 31; Realty Co. v. Mather, 207 S. W. 121. In the case first cited, relied on by appellant as supporting his view of the law, the court said:

"The sound discretion of the jury can be relied on to determine the value" of a child's services "where the testimony shows the bodily health and strength, the sprightliness, or want of it, of mind; the aptitude and willingness to be useful in performing services, the mode such faculties are exercised in useful labor or otherwise; and when, from the age or undeveloped state of the child any estimate of value of the services until majority would be matter of opinion in which no particular or especial knowledge in the way of expert testimony could be procured better than the judgment and common sense of the ordinary juror called to the duty of determining such value."

[2] We think the contention should be sustained, however, so far as it refers to the recovery of exemplary damages, without regard to whether the statute (Vernon's Statutes, arts. 4696, 4698) which gives parents a right to such damages when the death of their child "is caused by the willful act or omission, or gross negligence of the defendant," is in effect inhibited by the provision in the Constitution (section 26, art. 16) which in such a case confers a right to such damages on the "surviving husband, widow, heirs of his or her body" only. For, conceding the validity of the statute, we do not think the testimony authorized the finding that appellant was guilty of "gross negligence" within its meaning. "Gross negligence, to be the ground for ex-

emplary damages," said the court in Cotton Press Co. v. Bradley, 52 Tex. 587, 600—

"should be the entire want of care which would raise a presumption of a conscious indifference to consequences. Such indifference is morally criminal, and if it leads to actual injury may well be regarded as criminal in law. [Citing authorities.] A mere act of omission or nonfeasance, to be punishable by exemplary damages, should reach the border line of a quasi criminal act of commission or malfeasance."

While there was some testimony tending to show that the dog was vicious and liable to bite people before he suffered from rabies, and that appellant knew it, there was also testimony that he and the boy played together, and the case was tried on the theory that he bit the boy because he was rabid, and not because of viciousness. Knowledge, therefore, of appellant of the dog's vicious disposition was not, we think, a matter entitled to weight in determining whether he was guilty of gross negligence. The determination of that question we think should have been with reference to knowledge by him of the fact that the dog was suffering from rabies. The most of the testimony showed with reference to that was, we think, not that appellant knew the dog had rabies, but that he had reason to believe he might be so affected.

What has been said disposes of all the assignments except the third, in which complaint is made of the action of the trial court in refusing to postpone the trial of the case. The assignment is without merit and is overruled.

The judgment will be reformed so as to deny appellees a recovery of the $1,000 adjudged to them as exemplary damages, and as to award them a recovery of the $2,000 actual damages only; and as so reformed it will be affirmed.