## I. & G. N. R'y Co. v. Nathan Underwood.

(Case No. 5456.)

1. Practice — Appointing Experts.— Though the right to have an examination made of one who sues to recover damages for permanent injuries to his person, in order that their extent may be known, and to have it done by skilled persons under order of the court, has been maintained, when shown to be necessary to further the ends of justice; yet, a cause will not be reversed for a refusal to order such an examination made, in the absence of a showing that it was necessary to a full presentation of all the facts, and where it was not shown that the plaintiff was unwilling to submit to an examination by any competent person.

2. Practice — Charge of Court.— When from a bill of exceptions it is apparent that the trial judge would have refused a charge on a matter, the failure to incorporate which in the main charge was assigned as error, the error will be considered on appeal, though no charge was asked by the party complaining.

3. Charge of Court.— The charge of the court should always be so framed as to present to the jury the issues made by the pleadings, if there be evidence under them, unless an issue be abandoned, concerning which abandonment the jury should be instructed.

4. Same.— When a petition claims exemplary damages for an alleged wrong, and a question exists as to whether the evidence shows such facts as will sustain the claim, a charge should be given on that subject unless, in consequence of an oral statement made in court, the court by a charge withdraws the consideration of such claim for exemplary damages from the jury.

5. Same.— To withdraw such a claim from the consideration of the jury simply by a verbal declaration by counsel of its abandonment, made after the evidence is closed, and during argument, is not sufficient. It should be withdrawn from the consideration of the jury in the charge of the court, distinctly calling their attention to the fact that it is abandoned, and charging them as to the remaining issues.

6. Negligence — Charge of Court.— In a suit against a railway company for damages resulting from personal injury to a passenger, the court charged the jury: "It is the duty of the defendant to exercise proper care to transport its passengers safely, and the want of such care is deemed in law negligence, for which the defendant is liable." *Held*, error, because susceptible of the construction that the failure to exercise a degree of care which will actually result in the safe carriage of passengers is negligence, for which the carrier would be liable.

Appeal from Bexar. Tried below before the Hon. Geo. H. Noonan.

Nathan Underwood brought this suit for damages for personal injuries alleged to have been sustained by him while a passenger, in consequence of defendant's negligence.

The damages claimed were:

"For loss of time from his business from July 5, 1883, to filing of petition.................................................................. $2,500 00
For doctors', medical and nurses' bills........................................ 500 00

For bodily pain and physical and mental fear, suffering and anguish..  $5,000 00
For diminished capacity to labor, in the loss of the proper and perfect
  use of his limbs, and his liability to future disease and suffering,
  and in the loss of his business ....................................  20,000 00

"Making in all the sum of twenty-eight thousand dollars ($28,000) actual damages, which the defendant is legally liable and bound to pay to plaintiff, together with exemplary damages in the additional sum of five thousand dollars ($5,000)."

The plaintiff, during the progress of the cause, abandoned, orally, before the jury, the claim for exemplary damages.

Verdict and judgment in favor of plaintiff against defendant in the sum of fifteen thousand dollars ($15,000).

A written motion was made and refused asking an examination of the plaintiff by experts, to determine the extent and permanence of his injuries.

The plaintiff, testifying on the trial, stated: "I was scalded from my abdomen down; my left leg was smashed and my right leg was broken, and my knee was hurt. My right leg is about one inch and a half shorter than my left, and it was occasioned by the accident. I have done some business since, but for four months I could do nothing. My time lost was worth two or three thousand dollars — about twenty-five hundred dollars. I paid Doctor Graves $75 and Doctor Herff $10, and for nurses $100, and for medicine $25. Five thousand dollars is a reasonable amount for mental anguish and suffering. I can hardly do any work. I could formerly do much more work than now. I can ride on horseback. I can hardly estimate my damages for the permanent injury to my leg and my diminished capacity to labor. I shall have to limp all my life, and would not have it done for the whole railroad; but if I must put it in money, I ought to have $50,000.

"I was shipping horses on the train on which I was hurt. I had three car loads. I had a partner. I had about $5,000 of capital invested in my business. I generally made from three hundred to five hundred dollars on a car load. I have shipped cattle also. I never lost any money in the business. I have shipped to points on this side of St. Louis, and averaged on these shipments about $100 on a car load.

"I do not remember how many car loads of stock I shipped last year, before I was hurt. I have not shipped any horses since, but I have been in the business. My partner now does the shipping. I have had, since the accident, an interest in four or five car loads of cattle and two or three car loads of horses."

Dr. George Cupples, a witness for defendant, testified: "I reside in San Antonio. I have been practicing surgery for forty years or longer. I examined Mr. Underwood to-day. There was a fracture of the thigh bone, and it is about two inches shorter than the other. This shortening does not necessitate the use of a crutch or stick. He is able to get around and do general work."

Dr. Hadra, a witness for defendant, testified: "I reside in San Antonio. I have had considerable experience as a surgeon. I made the examination in connection with Dr. Cupples. The knee joint is perfectly movable and useful. There is no stiffening. The leg is more of a deformity than a disability."

*McLeary & Barnard*, for appellant, that the court should have appointed experts when they were asked for, cited: Pierce on Railroads, p. 298; Schraeder v. C., R. I. & P. R. R. Co., 47 Ia., 375; id., 41 Ia., 344.

That plaintiff could only renounce his claim for exemplary damages, in writing, they cited: R. S., art. 1186.

That the verdict was arbitrary, unauthorized, unconscionable and excessive, they cited: I. & G. N. R. R. Co. v. Benitos, 59 Tex., 326; McGray v. City of Lafayette, 43 Am. Dec., 239; C. & R. I. R. R. Co. v. McKean, 40 Ill., 218; C. & N. W. R. R. Co. v. Fellmore, 57 Ill., 265; Spicer v. C. & N. W. R. R. Co., 29 Wis., 580; Lombard v. C., R. I. & P. R. R. Co., 47 Ia., 494; Chicago West Div. R'y Co. v. Haverland, 12 Bradwell (Ill.), 561; Chicago West Div. R'y Co. v. Hughes, 87 Ill., 94; Bierbauer v. N. Y. & H. R. R'y Co., 77 N. Y., 588; Kansas Pacific R'y Co. v. Peary, 11 Am. & Eng. R'y Dec., 260; H. & T. C. R. R. Co. v. Ford, 53 Tex., 364; Potter v. C. & N. W. R'y Co., 22 Wis., 615; Goodno v. City of Oshkosh, 28 Wis., 300.

*Houston Bros.*, for appellee, that the oral abandonment of claim for exemplary damages was sufficient, cited: Hardy v. De Leon, 5 Tex., 233; Shirley v. Byrnes, 34 Tex., 645.

That there was no error in refusing to have the examination made by experts, they cited: Schraeder v. C., R. I. & P. R. R. Co., 47 Iowa, 375; Bishop on Marriage and Divorce (4th ed)., vol. II, secs. 593 and 594, and authorities there cited.

That it would have been error to charge on the question of punitory damages, after the abandonment of the claim for such damages, they cited: Norvell v. Phillips, 46 Tex., 161; Robinson v. Varnell, 16 Tex., 382; O'Connell v. State, 18 Tex., 343.

That there was evidence to sustain the verdict, and it should

stand, they cited: Miller *v.* Schmullen, 37 Tex., 240; Wright *v.* Donnell, 34 Tex., 305; Cochrane *v.* Winburn, 13 Tex., 150; Carter *v.* Carter, 5 Tex., 102; I. & G. N. R. R. Co. *v.* Brett, 61 Tex., 483; Teague *v.* State, 4 Ct. App., 147; Davis *v.* State, 4 Ct. App., 456; Johnson *v.* State, 5 Ct. App., 423; T. & P. R. R. Co. *v.* Hayes, Tex. L. Rev., vol. III, No. 25, p. 397; T. & P. R. R. Co. *v.* Garcia, Tex. L. Rev., vol. IV, No. 25, pp. 342, 343, 344.

STAYTON, ASSOCIATE JUSTICE.—It is unnecessary to consider whether the petition was sufficient to authorize the recovery of exemplary damages, for the claim to exemplary damages was waived on the trial and is not asserted here; the propriety of the action of the court, however, in refusing to instruct the jury as ·to the facts which would authorize the imposition of exemplary damages, in view of the general charge given, the amount of the verdict, and the failure of the appellee otherwise than orally, in the trial of the case, to renounce the claim for such damages, made in the pleadings, will be hereafter considered.

It not appearing that the appellant exhausted its peremptory challenges, or that, by the ruling of the court as to the qualification of the jurors McGowan and Taylor, the appellant was compelled to accept any juror that it was not willing should sit in the case, it is unimportant whether the ruling of the court in this respect was correct or not.

The appellant presented a motion requesting the court to appoint three disinterested surgeons and physicians to examine the person of the plaintiff, for the purpose of ascertaining the extent and character of his injuries, that they might testify in the case in reference thereto.

This motion stated no fact which made the granting of it necessary. It was not shown to be necessary to the full presentation of all the facts, nor was it shown that the plaintiff was unwilling to have such an examination made by any respectable surgeon or physician.

The right to have such an examination made, when it is shown to be necessary to the ends of justice, has been maintained. Schraeder *v.* R'y Co., 47 Ia., 375.

Under what circumstances such a right exists, and may be enforced, it is not necessary in this case to determine.

It certainly will not be recognized and enforced unless shown to be essential to the ends of justice.

The granting of such a motion would ordinarily carry with it the

idea that the coercive order of the court was necessary in consequence of the unwillingness of the party to be examined, and such unwillingness might be attributed to an indisposition of the person to have the truth known.

No such impressions should be made unless ground for them is shown by the refusal of the person to be examined.

As presented, we are of the opinion that the court did not err in overruling the motion.

But if this were not so, it would be unimportant in this case; for it appears that the plaintiff did submit to an examination by several surgeons and physicians, whose learning and integrity is vouched for by the appellant in the fact that it used them as witnesses in the case, and had them relate the result of their examination.

By his pleading, the appellee sought to recover exemplary as well as actual damages, and there was no renunciation of this claim otherwise than by counsel orally in course of presenting the case.

The charge of the court was silent upon this matter, except that the jury were instructed in case they found certain facts to exist: " You will in that event allow as compensation to plaintiff for such injuries, such actual damages as he has proven to have sustained;" and they were informed what matters, they might consider in estimating such damages.

The appellant sought to have charges given under which the jury would have been informed what facts would authorize the allowance of exemplary damages.

It was not claimed either in the pleadings or by the evidence that the injury resulted from any defect in the road or cars, but that it resulted from the negligence of the employees of the railway company.

The charges asked went to the question of the liability of the appellant for exemplary damages if it had used due care to employ and had employed and retained none but skilful, sober and careful employees.

While the charges asked may not have been entirely correct, yet they were such as called the attention of the court to the propriety of giving some charge upon the facts which would render the appellant liable for exemplary damages, unless by a charge that issue was withdrawn from the jury. The bill of exceptions shows that the court was unwilling, or thought it unnecessary, to give any charge upon that subject.

Under this state of facts the appellant was not called upon to ask

charges which the court from the bill of exceptions would evidently have refused, however correct in form.

The charge in every case should be framed so as to present to the jury the issues made by the pleadings, if there be evidence under them, unless an issue be abandoned and the jury so instructed. In this case the pleadings claimed that there was such negligence on the part of the appellant as entitled the appellee to exemplary damages, and it was for the jury to determine whether the proof was sufficient to sustain the claim.

There was evidence tending to show a high degree of negligence in the employees of the appellant.

When a petition claims exemplary damages, and there is a question as to whether the evidence shows such facts as would sustain such a claim, we are of the opinion that a charge should be given upon that subject, unless, in consequence of an oral statement made in court by the plaintiff or his counsel, the court by a charge withdraws such claim entirely from the jury.

The issues between the parties are made by the pleadings, and when a claim and issue is thus presented, correct practice requires that, if desired, it should be withdrawn in the same way.

To withdraw such an issue and claim by a mere verbal declaration to the effect that it is not insisted upon, after all the evidence has been introduced, and so, by a mere declaration of counsel, made as it is claimed it was done in this cause, during the argument of the cause, may, in causes in which the court does not entirely withdraw the given issue from the jury, if a general verdict is found, result in a verdict and judgment made up by the jury according to their own notions of the law applicable to the case.

Such a verdict may embrace elements of damage which should not be embraced, or may be upon an erroneous view of the law, and to guard against this, in the case before us, we are of the opinion that a charge should have been given by which the jury should have been instructed as to the rules applicable to the claim for exemplary damages, or, by a charge, that question should have been entirely withdrawn from the jury.

The verdict was a general one for $15,000. The injuries to the appellee were shown to be of a very serious character; but, in the light of the evidence contained in the record, it seems to us that the verdict was higher than justified by the evidence for actual damages; and it may be, had the court by a charge withdrawn the claim for exemplary damages from the jury, or given a proper

charge upon the question of the right of the appellee to recover exemplary damages, that the verdict would have been less.

The charge of the court was not clear and may have misled the jury, in that it did not instruct the jury as to the degree of care necessary to be used by a carrier of passengers.

That part of the charge which attempted to inform the jury as to the degree of care incumbent on the appellant, and as to what would constitute negligence, was as follows:

" It is the duty of the defendant to exercise proper care to transport its passengers safely, and the want of such care is deemed in law negligence, for which the defendant is liable."

The judge who tried this cause certainly did not intend to inform the jury that a carrier of passengers must use such care as will actually result in the safe carriage of passengers, and that the exercise of a degree of care which does not accomplish that result was negligence for which the carrier would be liable; for this would be to make the carrier an insurer.

The charge is susceptible of such a construction, and may have been so understood by the jury; it is likely, however, in view of the facts, that the jury were not misled by this, when considered in connection with the one which followed it.

The excessive character of the verdict was urged as a ground for new trial, and the refusal to give it is assigned as error. :

For this ruling of the court below, and for the matters before referred to, the judgment will be reversed and the cause remanded.

It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 26, 1885.]