No. 5948.

## A. D. BLACKWELL v. W. S. HUNNICUTT.

1. **DISCLAIMER.**—In a controversy involving boundary of a subdivision of a tract of land granted to one Harvey, which the plaintiff had conveyed to defendant, the defendant set up an agreed line, but also disclaimed as to any part of the Harvey survey except that described in the deed from plaintiff to him, *held*, that it was not error in the court to charge the jury in effect that the boundary should be determined in accordance with the description of the land as embraced in the deed.

2. **CHARGE OF COURT.**—The correctness of a charge will be determined from a consideration of the law as applicable to facts properly presented in the brief of counsel, and can not be considered under an assignment which refers to issues presented by pleading when no evidence is referred to, applicable thereto. If the charge, as applicable to the facts which require it, is abstractly correct, but should be qualified in consequence of other facts in evidence, the party complaining thereof should ask, in time, special instructions upon the neglected issues; failing in that, he can not afterwards complain.

3. **ASSIGNMENTS OF ERROR.**—An assignment of error that "the court erred in refusing to give special instructions asked by defendant" can not be considered.

APPEAL from Falls.    Tried below before the Hon. B. W. Rimes.

In 1877 a suit was pending in the district court of Falls county, by appellee against appellant, for the recovery of the Harvey three hundred and seventy acres survey of land, which is east of

18

and claimed to be contiguous to the Moore survey, which is claimed by appellant.  On the fifth of September, 1877, the suit was settled by appellant consenting to judgment in favor of appellee for the entire Harvey survey, upon appellee's agreement to convey to appellant the west one-third, or one hundred and twenty-three acres, of the Harvey survey.  Appellee executed his deed to appellant on the fourteenth day of September, 1877, for the one hundred and twenty-three acres of the Harvey survey, having marked the north, east and south boundaries of the one hundred and twenty-three acres on the ground, after actual survey, beginning at a place pointed out to him by appellant as the northeast corner of the Moore.

In November, 1883, appellee brought this suit in trespass to try title, upon the theory that the one hundred and twenty-three acres actually designated and marked by metes and bounds, and conveyed by him to Blackwell on the fourteenth of September, 1877, did not extend to the west boundary of the Harvey, but left about seventy-eight acres of the Harvey between the west line of the one hundred and twenty-three acres and the east line of the Moore.  By answer filed July 21, 1885, appellant set up the consent judgment entered in September, 1877, and made allegations regarding an agreed corner between the parties established after the judgment, which the appellee contended was pointed out to him erroneously by the appellant.  Appellant claimed that the dividing line should have run from that agreed corner, which would give appellant the excess of the seventy-eight acres; that both plaintiff and defendant intended the line run as the east line of the one hundred and twenty-three acres to be the boundary line between that part of the Harvey still owned by plaintiff and the one hundred and twenty-three acres, and both of them intended that the one hundred and twenty-three acres should adjoin the Moore on the east; that plaintiff executed his deed to defendant for the land included in the lines surveyed, describing it as beginning at northeast corner of the Moore, the third call being for the southeast corner of the Moore; that he accepted the corners established by plaintiff as the true corners and in good faith improved the land; disclaimed as to any part of the Harvey survey except that described in the deed from plaintiff to him, and pleaded statute of limitations of five years.  The evidence, in view of the opinion, which refers to much of the matters pleaded, is unimportant.

It appears that, runnin  course and distance from the marked

and identified northwest corner of the Moore, the northeast corner would be established at a point three hundred and fifteen varas west of the place designated by Blackwell as the northeast corner.

The following verdict was returned: "We the jury find for the plaintiffs and the distance three hundred and fifteen varas from the true line of the Lem Moore, the established line."

Appellant assigned the following grounds of error:

1.   The court erred in that portion of its charge wherein it stated that defendant disclaims as to all the land sued for, except that embraced in the boundary of the deed from Hunnicutt to Blackwell, dated September 14, 1877.

2.   The court erred in charging the jury that the judgment offered in evidence entitled the plaintiff in this suit to recover all the land included within the boundaries of the said Harvey three hundred and seventy acre survey, except the one hundred and twenty-three acres conveyed by plaintiff to defendant, because the defendant pleaded facts that happened after said judgment that would entitle the defendant to recover if the same were true.

3.   The court erred in refusing to give the special instructions asked by defendant.·

4.   The court erred in not charging the jury as to defendant's rights under his plea and proof of estoppel.

5.   The court erred in not charging the jury as to the law of limitation pleaded by the defendant.

*Oltorf & Holland,* for appellant, contended that the court erred in that portion of its charge wherein it stated that defendant disclaims as to all the land sued for, except that embraced in the boundary of the deed from Hunnicutt to Blackwell, dated September 14, 1877.

Also that the court erred in charging the jury that the judgment offered in evidence entitled the plaintiff to this suit to recover all the land included within the boundaries of the said Harvey three hundred and seventy acre survey, except the one hundred and thirteen acres conveyed by plaintiff to defendant because the defendant pleaded facts that happened after said judgment that would entitle the defendant to recover if the same were true, citing Hoxie v. Clay, 20 Texas, 586.

*Goodrich & Clarkson,* for appellee:   The defendant relying on his deed from plaintiff to him, alleging neither fraud, accident

nor mistake, nor seeking to set it aside or to correct any misde-scription in the deed, but alleging his right under it and claiming that it conveyed the land in controversy, and describing the land he claimed as it is described in the deed, and expressly disclaim-ing as to all of the balance of the land sued for, the court did not err in so instructing the jury, citing Hodde v. Susan, 63 Texas, 307; Railroad v. Irvine, 64 Texas, 529.

ACKER, JUDGE. The first ground of error assigned relates to that part of the charge of the court which construes the dis-claimer filed by appellant. Upon inspection of the record, it clearly appears that the court did not err in construing the dis-claimer to apply to all of the Harvey survey, except so much of it as is included in the boundaries given in the deed from appel-lee to appellant.

It is insisted by appellant that the court erred in charging the jury that the judgment offered in evidence entitled the plaintiff to recover all the land included within the boundaries of the Harvey three hundred and seventy acre survey, except the one hundred and twenty-three acres conveyed by plaintiff to defendant, "because the defendant pleaded facts that happened after said judgment, that would entitle the defendant to recover if the same were true."

The judgment introduced in evidence was, in effect, a judg-ment by confession, rendered in a suit between the parties to this suit, in favor of appellee and against appellant, for the Harvey three hundred and seventy acre survey. There is no proposition submitted under this assignment, and the statement thereunder does not call our attention to any evidence tending to show that appellee ever disposed of any part of the land ex-cept the one hundred and twenty-three acres conveyed to ap-pellant. In the statement under the assignment of error now being considered, appellant informs us what allegations are made in his pleadings, but does not call our attention to any ev-idence tending to sustain them. The court is not required to in-struct the jury upon the issues made by the pleadings unless there is some evidence offered to support them. Where such evidence is offered, and the court in its general charge fails to instruct the jury on all of the issues made by the pleadings and the evidence, it is the duty of the party complaining to ask spe-cial instructions upon the neglected issues; and, if instructions so asked are refused, to call the attention of this court to the

particular issue upon which the refused instruction was asked, by proper assignment of error noting the particular instruction refused, and showing the allegations in pleadings, and evidence adduced, which authorize the instruction asked. We can not, therefore, consider the question attempted to be raised by this assignment of error. (Johnson v. Granger, 51 Texas, 42; International & Great Northern Railroad Company v. Underwood, 64 Texas, 468; Supreme Court Rule 31.)

The third ground of error assigned is as follows: "The court erred in refusing to give the special instructions asked by defendant." It has been repeatedly held by this court that such an assignment of error will not be considered. (Blake v. Insurance Company, 67 Texas, 160; Hughes v. Railway, Id., 595.)

The fourth and fifth grounds of error assigned are as follows: "The court erred in not charging the jury as to defendant's rights under his pleas and proof of estoppel.

"The court erred in not charging the jury as to the law of limitation pleaded by the defendant." It does not appear that instructions were asked on the questions attempted to be presented by these assignments, nor does it appear from the assignments, propositions or statements under them that any evidence adduced upon the trial tended to sustain either.

Our attention has not been called by appellant's brief to any error that requires reversal, and finding no fundamental error in the record, we are of opinion that the judgment of the district court should be affirmed.                *Affirmed.*

Opinion adopted November 28, 1887.