The San Antonio & Aransas Pass Railway Company
v. G. D. Vaughn.

No. 52.

**1. Evidence.**—In an action by parents against railway companies for actual damages for killing their child, it is not error to admit evidence of the worldly condition of such parents, their wealth or poverty. Their circumstances became necessary as evidence, not as a basis for increasing or diminishing the amount of damages, but to show usefulness of child.

**2. Same.**—Also, where company relies on contributory negligence of parents in allowing child to go upon its track, relevant to show their ability to employ a nurse, etc.

**3. Same.**—Testimony of mother, that when she heard trains of defendant coming, she always looked to see where child was, and a short time before he was killed placed him in charge of her son, 13 years old, who was careful with him, is relevant to show that plaintiff was not guilty of contributory negligence.

**4. Diligence—Contributory Negligence.**—It is the duty of servants of railway companies to use reasonable care and caution to discover persons on its track; and a failure to use such care is negligence for which the company is liable in damages for an injury resulting therefrom, unless such liability is defeated by contributory negligence of person injured or who seek to recover such damages.

5. **Same—Charge of Court.**—A charge which states, if the jury believe certain facts to be true, then that such facts constitute negligence, is on weight of the evidence, hence erroneous; but a charge that leaves it to the jury to determine from the evidence whether negligence has been established, is not on the weight of evidence, hence proper.

6. **Same.**—A charge which defines negligence and leaves the facts of the case to be found by the jury, and leaves them to say whether the facts found constitute negligence as defined, is not on weight of evidence.

Appeal from Kerr. Tried below before Hon. T. M. Paschal.

*William Aubrey* and *John Sehorn*, for appellant.—1. The admission of evidence of the circumstances and worldly condition of the parents of the deceased was reversible error. Railway v. Lyde, 57 Texas, 505; Dreiss v. Freidrich, 57 Texas, 70; Shea v. Railway, 44 Cal., 414; 2 Rorer on Rys., 1099, 1100, 1115; Pennsylvania Co. v. Roy, 102 U. S., 451; Black on Proof and Plead. Acc. Cases, sec. 52.

2. The question was, whether plaintiff was negligent in allowing the child to go on defendant's track on the occasion on which it was killed; evidence of former custom and acts of care were irrelevant and immaterial.

3. One who enters upon a railway track at any place other than a public crossing is a trespasser; and the employes of such railway company are only bound to exercise reasonable care to prevent injuring such trespasser after discovering him on the track, and the degree of care thus imposed is not increased by the fact that trespasser is an infant. Railway v. Ryon, 70 Texas, 56; Railway v. Freeman, 4 Am. and Eng. Ry. Cases, 608; Ethrington v. Railway, 4 Am. and Eng. Ry. Cases, 617; Railway v. Greene, 19 Am. and Eng. Ry. Cases, 95; Chrystal v. Railway, 31 Am. and Eng. Ry. Cases, 411.

*Denman & Franklin* and *W. G. Garrett* and *W. W. Burnett*, for appellee.

1. In a suit by the parent for damages caused by the death of a child, it is competent to prove worldly condition as to wealth and poverty of the parents, etc. Railway v. Kindred, 57 Texas, 498, and authorities cited; Brunswig & Co. v. White, 70 Texas, 504; Railway v. Dunden, 34 Am. and Eng. Ry. Cases, 91. Especially where contributory negligence of parents is relied on as a defense. Railway v. O'Donnell, 58 Texas, 27; Keyser v. Railway, 31 Am. and Eng. Ry. Cases, 405, 409, note, and authorities.

2. On the question of negligence, the charge of the court is correct. Railway v. Sympkins, 54 Texas, 615; Railway v. O'Donnell, 58 Texas, 43.

NEILL, Associate Justice.—This appeal is from a judgment of $2000, recovered by appellee against appellant, for running its train over and killing his little child.

It was alleged by appellee that appellant's negligence causing the death consisted of:

1. The failure of appellant's servants operating the train which killed the child to observe the child on its track in time to avoid striking him, and without taking any precaution to prevent the accident.

2: The failure of appellant's servants operating the train to ring the bell or blow the whistle at a road crossing about 600 yards from the place where the child was killed, and in the direction from which the train was running, thus preventing appellee and his wife and their son, 13 years old, from knowing of the approach of the train in time to have removed the child from its place of danger, which it was alleged they could and would have done if the usual signals had been given at said crossing.

The wife of appellee, who was mother of the child, was joined as a party plaintiff to the suit; but exceptions were sustained to the petition, upon the ground that she was neither a proper nor necessary party, upon which the suit was prosecuted by the husband alone.

The appellant pleaded a general denial and not guilty; and specially, that the death of the child was the result of the contributory negligence of appellee and his wife in permitting the child, unprotected, to wander alone upon appellant's track at a time and place where he would likely be injured.

Under the first, fourth, and thirteenth assignments of error appellant asserts the proposition, that "in an action for actual damages by the parents for the negligent killing of their child, evidence of the worldly condition or of the wealth or poverty of such parents is immaterial and irrelevant, and the admission of it reversible error." None of the authorities cited by appellant under this proposition support it. They all relate to actions for personal injuries when the suit was brought by the injured party.

In the case of Brunswig v. White, 70 Texas, 504, which was an action by the parents to recover damages for the loss of the services of their child, occasioned by its death, which resulted from the negligence of the appellant, the evidence was that the parents "were poor people," and the court held that their circumstances became necessary as evidence, not as a basis for increasing or diminishing the amount of damages, but to illustrate the acts of the child as useful or otherwise. This case was quoted as authority by the United States Circuit Court in the case of Ross v. The Texas & Pacific Railway Company, 44 Federal Reporter, 46, which was a case similar to the one under consideration. And the Supreme Court of Kansas, in the case of the Union Pacific Railway Company v. Dunden, 34 American and English Railway Cases, 91 (the evidence being that deceased's father was a poor man, and not in the best of health), said: "The jury had presented to them evidence of the parents of the deceased, their position in life, the occupation of the father, the

condition of his health, etc., and it was their province from this evidence
*  *  *  to form an estimate of the damages," etc.   On the strength of
these authorities, we hold that appellant's proposition under the assign-
ments of error referred to is not well taken.   Besides, as the contributory
negligence of the parent in permitting the child to go unattended on the
railroad track was relied on as a defense, it was proper to show the cir-
cumstances surrounding the parents' home, such as their mode of earning
a livelihood, and their ability to employ a nurse for the child, in order to
enable the jury to determine whether its parents used such care in pro-
tecting the child from danger as reasonably prudent people would have
done under like circumstances.   Keyser v. Railway, 31 Am. and Eng.
Ry. Cases, 405; Hoppe v. Railway, 19 Am. and Eng. Ry. Cases, 79; Smith
v. Railway, 4 Am. and Eng. Ry. Cases, 557; McGrary v. Railway, 15 Am.
and Eng. Ry. Cases, 407; Isabel v. Railway, 60 Mo., 483.

Under the principle that it was proper to show the circumstances sur-
rounding the parents' home, such as their mode of earning a living, etc.,
for the purpose of enabling the jury to determine whether the child's
parents were guilty of contributory negligence, we think that the ad-
mission of the testimony complained of in appellant's second, third, fifth,
and sixth assignments was proper.

Over appellant's objection, the mother of the deceased child was per-
mitted to testify, " that on all occasions prior to the accident, when she
heard the train coming, whistling, or passing, her first thought was to
see where the child was and who had him, and that she always, upon
hearing the train, ran to the child, no matter who had him at the time."
The objection to the testimony was, that what her custom had been on
previous occasions was irrelevant and immaterial.   The action of the
court in admitting the testimony is assigned as error.   The same witness
was also permitted to testify, over appellant's objection, that her son
Henry, in whose charge she placed the child a short time before the acci-
dent, was just as careful as any child could be; that he always idolized
the child, and was very careful.   The objection was, that the testimony
was irrelevant and immaterial.   The testimony is also assigned as error.
We think, in view of the fact that contributory negligence of the appellee
was pleaded as a defense, the evidence of the wife's previous care of the
child, and that Henry was very careful with it, was admissible to show
that appellee was not guilty of such negligence in leaving the child in the
care of its mother or brother.   Hoppe v. Railway, 19 Am. and Eng. Ry.
Cases, 80.

In the third paragraph of the court's charge the jury was instructed:
" If you believe from the evidence that plaintiff's child was killed by de-
fendant's cars as alleged, and that at the time of such killing the child
was less than 2 years old; and if you further believe from the evidence
that those in charge of defendant's train of cars, by the exercise of ordi-

nary care, skill, and caution, might have observed the child in time to have stopped the train of cars in the usual manner before it reached and ran upon the child, then the plaintiff should recover damages, unless you believe from the evidence that the child's parents or the person in charge of it, or one of them, failed to exercise ordinary prudence and diligence in preventing it from going upon the defendant's track." This part of the charge is assigned as error, upon the ground that it is upon the weight of evidence, and withdraws from the jury the consideration of the question whether or not defendant's servants and agents were guilty of negligence in failing to observe the child in time to stop the train and avoid killing it.

The fourth paragraph of the charge is: " If you believe from the evidence that those in charge of defendant's cars used reasonable care and skill in the operation of said cars to prevent the killing of said child, or if you believe the parents of the child or person in charge thereof failed to exercise ordinary prudence and diligence to prevent its going upon defendant's track, then plaintiff would not be entitled to recover." The error assigned to this part of the charge is its failure to limit the time when the defendant's servants and agents should have used reasonable care in the operation of said train to prevent killing the child to the time after the agents of defendants saw it on the track, or could have seen it by the exercise of ordinary care and diligence.

The appellant asked the court to instruct the jury, that "Any person who enters upon the track of a railway at a place where it is the private property of the company, and the railway company is entitled to the exclusive use and possession of the track, as where there is no public crossing and persons do not habitually appear, becomes a trespasser; and the company is not bound to run its trains in reference to the probable presence of persons upon the track, except at public crossings and highways. The fact that a person is a trespasser, however, does not authorize his wanton or negligent injury; but if the employes of the defendant, upon the discovery of such person upon the track, use all the means in their power to prevent the injury, but nevertheless do injure him, then the company will not be liable. So in this case, if you do find from the evidence that the child was on the track of defendant when first discovered by its employes, and they did all they could after its discovery to prevent its injury, then your verdict must be for the defendant."

Under these three assignments the appellant asserts the proposition, that " one who enters upon the track of a railway company other than at a public road crossing, or where the public generally use the railway track in crossing the same, thereby becomes a trespasser; and the degree of care which the law requires should be exercised by the employes of a railway company towards one trespassing upon the track is, that after the discovery of such trespasser, to use reasonable care to prevent injuring the

trespasser; and the degree of care thus imposed is not increased when the trespasser is an infant, and suit is brought by the parents of the child to recover damages for its alleged negligent killing.'' To this appellee interposes as a counter-proposition, that "it is the duty of the servants of the railway company operating its train to use reasonable care and caution to discover persons on its track, and a failure to use such care and caution is negligence on the part of such company, for which they are liable in damages for an injury resulting from such negligence, unless such liability is defeated by the contributory negligence of the person injured or of the person who seeks to recover such injury; and in the case of an infant under 2 years of age, the fact of being on the track is not contributory negligence on the part of such infant, and the question is, the negligence of defendant being conceded, whether the person seeking to recover was guilty of contributory negligence in permitting the infant to wander alone on the track.'' We think this is a correct enunciation of the principle of law applicable to cases like this, when the person injured on the track was not guilty of negligence proximately contributory to the injury. In this case the child killed was 19 months old, and could not be guilty of negligence.

The general rule is, when the defendant owes the injured party no duty, and is not aware of his danger, though discovery might have been made by the exercise of ordinary prudence on the part of defendant, no recovery can be had. Railway v. Ryon, 70 Texas, 58; same case, 80 Texas, 60. This rule is founded on the principle, that the injured party was guilty of contributory negligence in being on the track. In the case of Railway v. Sympkins, 54 Texas, 615, it was held, that if after Sympkins went on the track of defendant he was stricken down in a fit, and was run over by the train, that his negligence in going on the track was only a remote cause of his injury; and that if a providential occurrence interfering broke the casual connection between the original act of negligence and the injury, and that therefore the defendant would be liable for the injury if its servants failed to use ordinary diligence to discover the plaintiff was lying on the track in a helpless condition.

In the case of Texas & Pacific Railway Company v. O'Donnell, 58 Texas, 43, the defendant was held liable on account of failing to use ordinary diligence to discover the little child on the track to prevent its injury, because negligence could not be imputed to it on account of the want of discretion in the child. These cases demonstrate that appellant's proposition under these assignments is not correct when applied to the facts in this case.

The third paragraph of the charge, herein before copied, is almost in the exact language of that given in the O'Donnell case, which was affirmed by the court, and is therefore not considered obnoxious to the objection urged against it by appellant. There was no error in the refusal

of the court to give special charge number 5 asked by the appellant, because the jury had been fully instructed as to the duties of parents living near a railroad track to protect their child of tender years from injury, etc.   And the jury were told by the court the plaintiff could not recover if the parents or person in charge of the child failed to use ordinary care to prevent the child's going on the track.

The first clause of the court's charge is as follows:  "It is the duty of a railroad company in the management and operation of its trains to exercise all reasonable care and caution to avoid injury to any person that may come upon its track, and a failure to exercise such care and caution on the part of the railroad company or its servants is negligence."  This part of the charge is assigned as error; and one of the objections urged to it is, "that the court fails to make any distinction between the liability of defendant to a trespasser on its track and one who is on the track rightfully; and further, that it instructs the jury, that the failure to exercise all reasonable care and caution to avoid injury to any person that may be upon its track is negligence, thus withdrawing from the jury the only question to be determined in the case, viz., the negligence or non-negligence of defendant in causing the death of Harvey Vaughn."

We have seen from the authorities referred to, that in this State at least it is the duty of the servants of a railroad operating its trains to use reasonable diligence to discover a child of such tender years as to render it incapable of negligence, and of apprehending danger and protecting itself, on its railroad track in time to prevent its injury, and its failure to do so renders it liable for the damages resulting from its failure to use such diligence.   This principle answers the first and second objections interposed by appellant to the charge quoted.   For even if the child should technically be regarded as a trespasser, it is the duty of the road to use reasonable care and caution to avoid injuring it.   While the contention of appellant is, that the rule announced in the charge is too general, in that it imposes the duty on the railway company to use such care and caution to avoid injury to *any person* that may come on its track, it could *only apply to the person* injured as shown by the evidence in this case; and as the duty did devolve on the appellant to use such care and caution to prevent the injury to him, the supposed defect in the charge could not injure the appellant in this case.

The next question is, does the charge withdraw the question of negligence from the jury ?   Or, in other words, is it upon the weight of evidence ?

The rule is well established, that a charge which states that if the jury believe certain facts to be true, then that such facts constitute negligence, is on the weight of evidence, and that the court invades the province of the jury in instructing it as to the deduction to be drawn from the facts; for it is as much the province of the jury to find its own conclusion from

the facts as it is to find the facts. And charges which withdraw from the jury the question as to whether the facts, if found true, constitute negligence, are properly held to be upon the weight of evidence. But a charge that leaves it to the jury to determine from the evidence whether negligence has been established is not on the weight of evidence.

A charge that does not instruct the jury as to the legal effect of certain facts in the case, nor give it to understand what weight should be given to certain evidence, nor to indicate what impression has been made upon the mind of the court by certain testimony, can not be considered on the weight of evidence. Nor do we think that a charge which merely defines negligence in reference to the case made by the pleadings and evidence, without grouping or commenting on the facts, but which leaves them to be found by the jury, and the jury to determine, from them, whether such facts constitute negligence as defined, is upon the weight of evidence. If it is, we can hardly see how a jury can be so instructed by a court as to enable it to properly discharge the duty incumbent upon it when trying a question of negligence. It is the duty of the court to instruct the jury upon the law of the case. If it is one of negligence, and the court can not inform the jury what negligence is, it can not perform this duty.

" Negligence constituting a cause of action is such an omission by a responsible person to use that degree of care, diligence, and skill which it was his legal duty to use for the protection of another person from injury as, in a natural and continuous sequence, causes unintended damage to the latter." Shearm. & Redf. on Neg., sec. 3.

It was the *legal duty* of the appellant in the management and operation of its trains to exercise all reasonable care and caution to avoid injury to persons on its track, and its omission to use that care and caution was negligence, and we do not think the court invaded the province of the jury in so instructing it in this case. The charge simply adapted the legal definition of negligence to the case, but the jury were left free to determine from the evidence whether appellant was guilty of negligence.

In the case of Railway v. Underwood, 64 Texas, 469, the court gave the following charge: " It is the duty of the defendant to exercise proper care to transport its passengers safely, and the want of such care is deemed in law negligence, for which the defendant is liable." The objection found by the court to it was, that it practically made the defendant an insurer of the safety of its passengers, which was a higher degree of care than the law imposed; but no question was raised by the court as to its being upon the weight of evidence, for the court simply defined negligence, but did not direct the attention of the jury to any particular evidence in the case, whereby it might be influenced. That charge is similar to the one under consideration, so far as it declared that the want of such care is negligence. The charge complained of in this case does not refer to any

evidence introduced, nor did it even refer to the defendant in this case, or to the deceased. It simply lays down the duty and care required of railroads generally to persons on their tracks, and declares the failure to discharge such duty negligence. We do not think the charge is upon the weight of evidence.

We are of the opinion that there is no error in the record, and therefore affirm the case.

*Affirmed.*

Delivered November 1, 1893.