DALLAS RAPID TRANSIT RAILWAY COMPANY
v. J. S. DUNLAP ET AL.

No. 339.

1. **Street Railways—Evidence—Charge of Court.**—Action against a street car company for running one of its electric cars over a child. If the testimony of witnesses as to repairing the wires after the accident was improperly admitted, the error was cured by the charge of the court in specifically directing the jury not to consider it.

2. **Negligence—Charge—Ordinary Care.**—The error of charging that it was the duty of defendant to use "proper care," without defining it, is rendered harmless where another portion of the charge instructs that appellees could not recover if the motorman could not, by the exercise of "ordinary care and watchfulness," have seen the child in time to have prevented the accident. It was not necessary to define "ordinary care."

3. **Same—Degree of Care Required.**—While a high degree of care is required of a carrier to protect its passengers from injury, it owes no less a duty to the public while running cars propelled by electricity along the streets of a city.

4. **Same.**—As it was incumbent upon the motorman to use the highest degree of care in keeping a lookout to see that the track was clear, it was not error to refuse a special charge that the care required of a street car company to persons upon its track is not that high degree of care which it is required to exercise towards its passengers.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Alexander & Clark,* for appellant.—1. The court erred in permitting witnesses J. S. Dunlap, J. T. Bessant, and Mrs. Bessant to testify as to the repair of the line by defendant's employes after the accident, as shown by defendant's bill of exceptions, for the reason that evidence as to the condition or alteration of the wires after the accident was inadmissible and prejudicial to defendant, as probably indicating to the jury that defendant appreciated the necessity of repairing the wires, and by such act admitting its negligence. Tucker v. Hamlin, 60 Texas, 175; Railway v. Levy, 59 Texas, 543; Ross v. Kornrumpf, 64 Texas, 390; Dwyer v. Ins. Co., 57 Texas, 181; McCauley v. Long, 61 Texas, 74; Jackson v. Deslonde, 1 Texas U. C., 674.

2. In a case involving negligence vel non, it is of the utmost importance that the court properly define the degree of care incumbent on a party charged with negligence, and if the court has failed to give a correct charge and the attention of the court is directed thereto by a requested charge, such failure is reversible error on complaint of party injured thereby, even though the requested charge may not have been strictly accurate. Railway v. Underwood, 64 Texas, 467, 469; Railway v. Phillips, 63 Texas, 593; Railway v. Greenlee, 62 Texas, 344; Railway v. Miller, 51 Texas, 275, 276; Kirby v. Estell, 75 Texas, 484.

3. All the other charges in relation to the duty of defendant were calculated to bewilder and confound the jury in the proper consideration of the issue as to whether defendant had used such care as a person of ordinary prudence would have used under similar circumstances, even if a correct charge had been given, which in fact was not the case. Railway v. Anderson, 76 Texas, 244; Railway v. Lee, 70 Texas, 501; Railway v. Porfert, 72 Texas, 351; Railway v. Chapman, 57 Texas, 82; Railway v. Richards, 59 Texas, 376; Hudson v. Morriss, 55 Texas, 595; Railway v. Greenlee, 62 Texas, 344; Chandler v. Fullton, 10 Texas, 2.

No brief for appellees reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—*Conclusions of Fact.*—On September 3, 1891, about 2 o'clock p. m., defendant, in the operation of its electric motor car, propelled on and over a street in Dallas, negligently struck and killed the infant son of appellees. The child was one or two years of age.

*Conclusions of Law.*—The first and second assignments of error complain of the court for admitting certain testimony over the objection of appellant. The testimony of Mrs. Bessant was legitimate, as it tended to contradict the testimony of the witness Robertson, the motorman.

If the testimony of the other witnesses as to repairing the wires after the accident was improperly admitted, the error was cured by the charge of the court in specifically directing them not to consider it. The character of the evidence was not such as was calculated to prejudice the minds of the jury to the extent that they would consider it regardless of the court's charge. Besides, the court on this question distinctly instructed the jury to consider only the negligence of the motorman.

The court gave the following instructions, of which the appellant complains: "The law imposes upon the defendant the duty of employing competent and careful persons to manage and control their cars while running on its track, and it was the duty of the motorman to exercise proper care and keep a proper lookout in order to avoid, if possible, all accidents. If you find and believe that at the time of the accident the motorman could, by the exercise of proper care and skill in handling the car, have stopped the same in time to have prevented the accident, and he failed in either or both of these duties, then the plaintiffs would be entitled to recover.

"If you find and believe that at the time of the accident the motorman was on the lookout at his post, and could not by the exercise of ordinary care and watchfulness have seen the child in time to prevent the accident, or if after he saw it he did what was possible to be done in order to avoid the accident, then no recovery can be had against defendant."

The objections urged to these charges, are: 1. That it was wrong to instruct the jury that it was defendant's duty to use proper care, without defining what was meant by "proper care." 2. Because the court did not define the degree of care required, as requested by appellant. 3. Because the court should not have told the jury that it was the duty of the motorman to be on the lookout, as it was on the weight of the evidence.

It was error for the court to tell the jury that it was the duty of the defendant to use "proper care," without defining it; but this error was rendered harmless, if not entirely cured, by the third paragraph of the court's charge above quoted, which told the jury, in effect, that appellees could not recover if the motorman, by the exercise of ordinary care and watchfulness, could not have seen the child in time to prevent the accident. Railway v. Underwood, 64 Texas, 467.

But as what constituted "ordinary care and watchfulness" was not explained by the court, appellant insists that the special charges asked by it, and refused, should have been given. The special charge asked by appellant is as follows:

"The care and caution required of a street car company to persons upon its tracks is not that high degree of care which it is required to exercise towards passengers upon its cars. The degree of care in this

is what is called ordinary care; that is to say, such care as would ordinarily be exercised by the average man under similar circumstances. If the evidence in this case does not show the want of such ordinary care on the part of the motorman in charge of the car, you will find for the defendant."

The proposition announced by this charge as to the degree of care required of appellant in operating electric cars along the streets of a city is not correct. While a high degree of care is required of a carrier to protect its passengers from injury, it owes no less a duty to the public while running cars propelled by electricity along the streets of a city.

In the case of Railway v. Hewitt, 67 Texas, 473, Judge Stayton says: "It has sometimes been said that a carrier owes no duty to persons other than passengers and employes, other than it must not intentionally, willfully, or wantonly injure them. This doctrine has not been sanctioned in this State." Again, he says: "Street railways have no exclusive right to the use of a part of the street covered by their track, but all persons have the right to use the street for the purposes for which streets are ordinarily used, and from this fact, such companies may expect that other persons will use the street, as they have the right to do, and it is therefore incumbent upon them to ascertain whether the track be clear. * * * This duty is as firmly fixed * * * as is the duty of the carrier to passengers." And further: "It may be assumed, as matter of law, that it is the duty of a street railway company to know that the track in advance of its cars is clear, and that it will be liable for any injury resulting from the want of this knowledge; unless its liability is defeated by the contributory negligence of the injured person, or unless it appears that the person injured went upon its track at a place so near the approaching car that the driver by the exercise of care could not avoid the injury after the person was seen or might have been seen. This involves the proposition that such railway company is bound to use such diligence as will enable it to know whether the track in front of its car is clear, and if to this end the exercise of the highest degree of diligence is necessary, it must be used."

While ordinary care is the degree of care imposed by law upon the operations of railways, yet it is measured by the circumstances of each case. Justice Gould, in Railway v. Parker, 50 Texas, 331, says: "Ordinary care is such care as is usually exercised under like circumstances by men of ordinary prudence in their own affairs."

The court instructed the jury, that appellees could not recover unless the motorman did not use "ordinary care and watchfulness." As it was incumbent upon the motorman to use the highest degree of care in keeping a lookout to see that the track was clear, we are of opinion that the jury was not misled by the refusal of the court to

give the requested charge, as the charge given by the court was not calculated to cause the jury to consider that a higher degree of care was required than that imposed by law. Railway v. Walker, 70 Texas, 126.

If the negligence of the motorman was the proximate cause of the injury, appellant would be liable. The court by its charge eliminated from the case every issue except that of negligence of the motorman and contributory negligence of plaintiffs. These issues were presented to the jury by the court in its charge, and while the charge is not altogether faultless, yet when considered as a whole, in connection with the evidence, we are of the opinion that there is no error requiring a reversal of the judgment.

The special charge asked by the appellant was not the correct rule as to negligence, and the court did right in refusing it. Nor do we think that the court was required to define ordinary care, though it is the better practice in all similar cases for the court to do so.

It was the duty of the motorman to be on the lookout at his post, and the court did not err in so telling the jury. Railway v. Hewitt, supra.

There is no merit in the other assignments of error, and the judgment of the court below is affirmed.

*Affirmed.*

Delivered May 2, 1894.