HOUSTON TRANSP. CO. et al. v. PAINE.
(No. 7300.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 16, 1917. Rehearing Denied March
8, 1917.)

1. CONTINUANCE ⟂51(5)—ABSENCE OF WIT-
NESS—DILIGENCE.
A tender of witness fees is necessary to show
diligence in an application for a second con-
tinuance to secure attendance of such witness.
[Ed. Note.—For other cases, see Continuance,
Cent. Dig. § 85.]

2. CONTINUANCE ⟂26(1)—ABSENCE OF WIT-
NESS BECAUSE OF SICKNESS—DILIGENCE.
A party cannot be charged with lack of due
diligence in not securing a witness, where it
appears from his motion, made when case is
called, that the witness is sick.
[Ed. Note.—For other cases, see Continuance,
Cent. Dig. § 74.]

3. CONTINUANCE ⟂51(5)—SECOND APPLICA-
TION—DISCRETION OF COURT.
Where the testimony expected from an ab-
sent witness is immaterial to any defense de-
fendant had a right to interpose, it is not er-
ror to deny him a second continuance.
[Ed. Note.—For other cases, see Continuance,
Cent. Dig. §§ 69, 147.]

4. SALES ⟂176(6)—DEFECTS IN MACHINERY—
REAFFIRMANCE AS WAIVER.
Where the buyer of machinery delivers a
renewal note therefor, it will be treated as a re-
affirmance of the original contract and a waiver
of any rights to damages for defects known to
him at the time of renewal.
[Ed. Note.—For other cases, see Sales, Cent.
Dig. § 442.]

5. BILLS AND NOTES ⟂489(7)—CURE BY AN-
SWER—PLEADING—VARIANCE.
Where seller alleged a written contract of
sale with an erroneous allegation of indorse-
ment of a note by B., and buyer pleads no de-
fense, but alleges that note otherwise properly
described by seller was not indorsed as alleged,
the admission of note in evidence is proper and
does not constitute a variance.
[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1617–1642.]

6. BILLS AND NOTES ⟂245—INDORSER AS
SURETY.
The president of a corporation who writes
his name on the back of its note, at inception,
before delivery for accommodation of corpora-
tion, is a surety and not an indorser.
[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 558, 559.]

Error from District Court, Harris County;
J. D. Harvey, Judge.

Action by H. A. Paine against the Houston
Transportation Company and John G. Tod.
Judgment for plaintiff and for John G. Tod
against his codefendant, and defendants
bring error. Affirmed.

John G. Tod and Charles H. Taylor, both
of Houston, for plaintiffs in error. Love,
Channell & Fouts, of Houston, for defendant
in error.

LANE, J. This suit was instituted by H.
A. Paine, plaintiff, in the Sixty-First judicial
district court of Harris county, Tex., on the
13th day of March, 1914, against the Houston
Transportation Company and John G. Tod,

defendants, and for cause of action he alleg-
es: That on the 19th day of October, 1909,
the Houston Transportation Company enter-
ed into a written contract with plaintiff, by
the terms of which said company purchased
from plaintiff certain machinery and prop-
erty for the sum of $2,900, same to be paid
as follows: $725 cash when said property
was delivered, and $725 in 60 days, and $1,-
450 in 90 days, all deferred payments to be
closed by notes; that it was provided in this
contract that in the event said deferred pay-
ments were not paid when due, and they
were placed in the hands of an attorney for
collection, 10 per cent. thereon should be
added as attorney's fees, and it was also pro-
vided that a lien should be retained upon the
property to secure the payment of said in-
debtedness; that thereafter plaintiff sold to
said transportation company other and addi-
tional property for the sum of $895.94; that
the purchase price of the two lots of prop-
erty aggregated the sum of $3,795.94; that
after all of said property was delivered by
plaintiff to defendant transportation com-
pany, said company, by its president, John
G. Tod, executed and delivered to plaintiff
its three promissory notes, the first for $795.-
94, and the second and third of which were
for the sum of $1,500 each, said notes being
given for the purchase money for the two
lots of machinery and property before men-
tioned. That in order to secure the payment
of the three notes last mentioned said trans-
portation company executed and delivered to
the plaintiff a chattel mortgage upon said
property, whereby a lien was created on said
property to secure the above-mentioned notes.
It is then alleged that by reason of the exe-
cution and delivery of all the instruments
above mentioned said transportation com-
pany became indebted to and promised to pay
plaintiff the aggregate sum of $3,795.94, with
interest thereon from December 29, 1909,
and also agreed to pay 10 per cent. addition-
al as attorney's fees upon said amount in the
event said indebtedness should not be paid
at maturity and the same should be placed in
the hands of an attorney for collection.
That after said notes and mortgage or lien
had been executed and delivered, as afore-
said, said transportation company was un-
able to pay said indebtedness in full when it
became due, but it made a partial payment
on said indebtedness and executed and deliv-
ered to plaintiff renewal notes from time to
time for the unpaid balance of said indebted-
ness, said notes being executed for the pur-
pose of extending the time of payment of the
balance due upon said original indebtedness
as evidenced by said original contracts and
liens. That finally, on November 26, 1913, the
defendant Houston Transportation Company
being indebted to plaintiff in the sum of
$2,500, the same being the balance due and
unpaid of the original indebtedness herein-

before set out, and said defendant being then unable to pay said indebtedness, and the plaintiff desiring to obtain the money represented by said indebtedness from the Houston National Exchange Bank, and the said transportation company desiring to obtain further extension of time within which to pay said balance of said original indebtedness, it was then and thereupon agreed between said transportation company and this plaintiff that said transportation company should execute and deliver to said National Exchange Bank its note for $2,500 covering the balance due to plaintiff, as aforesaid, with the defendant John G. Tod as indorser and surety upon said note for the payment thereof. That accordingly said defendant, on November 26, 1913, executed and delivered to the Houston National Exchange Bank and to this plaintiff their certain promissory note for the sum of $2,500, payable 90 days after date, bearing 8 per cent. interest per annum from maturity and providing for 10 per cent. attorney's fees if collected by suit; that the defendant John G. Tod, at the time of the execution of said note, executed the same by writing his name across the back thereof. It was then alleged that by the execution and delivery of said note by said transportation company and said John G. Tod, they jointly and severally bound and obligated themselves to pay to the order of the Houston National Exchange Bank the sum of $2,-500, with interest, etc. That thereafter, on the 24th day of February, 1914, said note became due, and that the defendants failed and refused to pay the same to said bank, or to plaintiff, and that thereupon said bank, having advanced to plaintiff upon said note the sum of $2,500, charged plaintiff's account with that amount and returned said note to plaintiff indorsing the same to his order without recourse, and the plaintiff is now the legal owner and holder thereof. That by reason of the execution and delivery of the note last mentioned and the other facts set forth transpiring subsequently to the execution and delivery of said note, both of said defendants became jointly and severally bound to pay plaintiff the amount due upon said note, principal, and interest, and as he brought suit upon said note that they are also liable to plaintiff for attorney's fees by the terms of the note last mentioned and by the terms of the original contracts hereinbefore mentioned. Plaintiff further alleges that the note last mentioned for $2,500 was executed for the purpose of extending the time of payment of the balance of the original indebtedness described in said written contracts and chattel mortgage before mentioned, and prays for judgment against both defendants for the sum due upon said notes, principal, and interest and attorney's fees, as provided in all of said contracts.

Defendant John G. Tod answered by general demurrer and by specially pleading that if he was liable to plaintiff, he is liable only as indorser and guarantor of his codefendant the Houston Transportation, and prayed that if judgment be rendered against him, he have judgment over against his said codefendant.

The defendant transportation company answered, admitting the execution and delivery of the contracts, notes, and lien as alleged by plaintiff, and in the manner therein alleged, but specially pleaded that the machinery purchased by defendant was designed for use by defendant in unloading sand, shell, and other material from barges and loading same on cars for shipment in the conduct of its business; that said machinery was sold to defendant by plaintiff with the full knowledge on the part of plaintiff of the purpose for which it was to be used by defendant; that after trial said machinery was found to be defective, setting out the defects, and further alleging that the same was entirely insufficient to do the work for which it was designed; that the plaintiff assured defendant that the machinery could and would do the work for which it was designed, and that he would stand the expense of having it repaired so as to be made to do so; that defendant spent large sums of money to repair said machinery and make it do the work intended, but it never could and never had done such work, and therefore appellant had been wholly unable to perform his work, to his damage in the sum of $3,500, for which he prayed judgment.

A jury was selected to try the cause, and upon the plaintiff introducing in evidence said $2,500 note, defendants objected to its introduction, because it was not indorsed by the Houston National Exchange Bank to plaintiff as alleged, and therefore there was a variance between the allegations and proof, and by permission of the court defendants filed their trial amendment, and therein they say that they deny all and singular the allegations contained in the fifth paragraph of plaintiff's original petition, and specially deny that the Houston National Exchange Bank indorsed the note to plaintiff or his order either without recourse or otherwise, and specially alleged that if the bank ever delivered said note to plaintiff at all, it was because same was not paid at maturity by the maker thereof, and the plaintiff, having, because of his indorsement thereof, been called upon to pay same, did pay same as such indorser, and the note was thereupon delivered to him as such indorser, and that his suit should be one for contribution and not upon the note.

Plaintiff by supplemental petition denies all the material allegations in defendant's answer, and says that defendant, by retaining and using said machinery, is estopped to claim any breach or guaranty thereof, or to complain of any defects therein.

After the evidence was concluded the court instructed the jury to return a verdict for

plaintiff for the sum sued for, with a foreclosure of his lien as prayed for. The jury returned the verdict as instructed, and the court rendered judgment for plaintiff against both defendants for the sum of $2,970, and a foreclosure of plaintiff's lien on said machinery and property. Judgment was also rendered in favor of defendant John G. Tod, over against his codefendant Houston Transportation Company, as prayed for by him. It was also adjudged that said transportation company take nothing by its cross-bill.

[1-3] Appellants by their first assignment insist that the court erred in overruling their motion for a continuance. The motion was defendants' second motion for a continuance, they having procured a continuance at a former term because of the absence of the same witnesses named in said second motion. The effect of the second motion was that defendants could not safely go to trial without the testimony of the witnesses named, as they expected to prove by them, and each of them, that the machinery in question was defective and would not do the work for which it was intended, and that defendants were damaged by reason of said defective machinery and by reason of money spent in repairing same. All these witnesses had been served with process prior to said former term of court and had disobeyed same, and no further process had been issued to compel their attendance, nor is there any showing that any of them had been tendered their fees as provided by law to require their attendance. We think no diligence was shown, unless it be as to the witness W. H. Fayle, by whom defendants allege they expected to prove practically the same facts as by the other witnesses named. A mere service of a witness by subpœna without a tender of fees of the witness is the slightest diligence that a party can use. The lawful fees not having been paid nor tendered, the witnesses were not in contempt of court, nor subject to a fine as they would otherwise have been. A tender of witness fees is necessary in order to show diligence upon a second application for continuance. T. & P. Ry. Co. v. Hall, 83 Tex. 675, at page 679, 19 S. W. 121. It appears from the motion that the witness Fayle was sick on the day the case was called for trial, and had advised defendants of that fact; therefore it may be said that defendants cannot be charged with a want of diligence in failing to have his testimony at the trial. But we think that if it be conceded that diligence to procure the attendance of said witnesses was shown by the motion, still there was no error committed by the court in overruling the motion, because the testimony expected from said witness was immaterial to any defense that defendants had the legal right to interpose against plaintiff's right to recover in this suit.

The undisputed and admitted facts show that from the 19th day of October, 1909, to the 24th day of January, 1910, the defendant Houston Transportation Company purchased and received from plaintiff, H. A. Paine, certain machinery and in payment therefor it executed and delivered to plaintiff three promissory notes, one for $795.94 and the other two for $1,500 each, payable on the 24th day of February, March, and April, 1910, respectively, and to secure the payment of same, it also executed and delivered to plaintiff an instrument reading as follows:

"Whereas, we are justly indebted to H. A. Paine in the sum of thirty-seven hundred ninety five 94/100 dollars evidenced by three promissory notes of even date, payable to the order of H. A. Paine at Houston, Texas, with exchange and eight per cent. interest per annum from date payable at Houston, and providing for ten per cent. (10%) attorney's fees, and further providing that in the event of default in payment of any one of said notes or any installment of interest when due, or in the event that the holder may reasonably deem himself insecure, or the property hereinafter described be destroyed or damaged by fire, then the holder at his option may declare due and payable any or all of said notes; the same being more particularly described as follows: Note No. 1 for $795.94 due February 24, 1910. Note No. 2, for $1,500.00, due March 24, 1910. Note No. 3, due April 24, 1910, for $1,500.00, said notes being for the unpaid purchase money for the following described property sold by H. A. Paine to Houston Transportation Company, to wit: One 8x12 Mundy double cylinder double drum hoisting engine No. 9144 complete. One 5x8 Mundy swinging engine No. 9146. One steel derrick. One Hayward 1 yd. class E clamshell bucket. Which chattels it is contemplated will be placed upon the following premises situated in Harris county, Texas, to wit, at Penn City. Now to secure the payment of the aforesaid notes according to their terms we have granted, sold and conveyed and by these presents do hereby grant, sell and convey unto the said H. A. Paine all the above-described chattels and machinery, also all the above-described land and premises. To have and to hold all said property unto said H. A. Paine, his successors and assigns forever. This conveyance, however, upon the payment of all said notes, according to their terms, to become null and void and the liens hereby created released, otherwise to remain in full force and effect. The undersigned hereby ratifies all that may be done in compliance with the terms of this instrument.

"Witness our hand this 24th day of January, A. D. 1910.

    "Houston Transportation Co.,
     "By John G. Tod, Prest."

That when said notes became due said transportation company being unable to pay said notes in full, for the purpose of getting an extension of time gave renewal notes from time to time for the balance due on said original indebtedness; that finally, on the 26th day of November, 1913, about four years after it purchased said machinery, and only about three months before this suit was filed, plaintiff made demand upon said transportation company for the payment of $2,500, the balance due on said original indebtedness, and said Transportation Company promised plaintiff that it would and it did, on said 26th day of November, 1913, execute and deliver to Houston National Exchange Bank for the benefit of plaintiff its note for $2,500, payable 90 days after date, with John G.

Tod as indorser and guarantor of the payment thereof. Said note was at the time of its execution and before delivery signed by said John G. Tod, by writing his name on the back thereof. There appears on said note the following:

"Each maker, surety and indorser hereon waives grace, protest, notice and presentment for payment, and consents that the time of payment may be extended without notice."

For the purpose of getting money on said note plaintiff Paine indorsed said note to said bank and secured from said bank the sum of $2,500. That when said note became due defendants failed to pay same, and the bank charged plaintiff's account with the amount due thereon, and mailed the same to plaintiff. That thereafter, on the 18th day of March, 1914, plaintiff placed said note and other contracts executed and delivered by said transportation company in the hands of attorneys who brought this suit for plaintiff; that on the 22d day of April defendant Houston Transportation Company filed its answer and pleaded as a defense that the machinery so sold and delivered to it was not as represented by plaintiff; that it was defective, and sought to recover damages because of such alleged defects.

[4] There is absolutely nothing in the statement of facts tending to show that plaintiff made any representations to said defendant about the machinery sold, or that he knew what class of work said defendant expected said machinery to perform, or that plaintiff ever promised to make or pay for any repairs on said machinery, as alleged by defendants. In fact defendants offered no evidence whatever so far as the statement of facts discloses. There is no allegation as to the time the defendant transportation company discovered the alleged fraud practiced upon it by plaintiff; that is, that the machinery in question was defective, etc. We think we must conclude, in the absence of any allegation as to when said defendant discovered the alleged fraud, that such defects, if any, were discovered by said transportation company during the four years from October, 1909, to November 26, 1913, and prior to said last-named date, at which time it executed and delivered its note for $2,500 in renewal of the original contracts and indebtedness. There is no contention that such defects, if any, were discovered after said last-named date. If at the time of the execution of said note on the 26th day of November, 1913, said defendant had knowledge of the alleged defects for which it now seeks to recover damages, its conduct in executing and delivering said renewal note must be treated as a reaffirmance of the original contract and a waiver of any right to claim damages for fraud practiced which was known to it prior to said reaffirmance. Southwestern Surety Co. v. Ferguson, 62 Tex. Civ. App. 332, 131 S. W. 662, at page 665; Simon v. Goodyear, Metallic Rubber Shoe Co., 105 Fed. 573, 44 C. C. A. 612, 52 L. R. A. 745.

From what has been said we think it clear that the testimony expected from the witnesses named in the motion for continuance was immaterial to any defense defendants had to plaintiff's cause of action. We therefore do not think the court erred in overruling the motion for continuance.

[5] The second assignment is as follows:

"The court erred in overruling the objection of the defendant to the admission of the note sued on, because of the variance between the allegation of plaintiff's petition with reference to the indorsement upon said note, it having been alleged in plaintiff's petition that said note had been transferred and indorsed to the plaintiff by the Houston National Exchange Bank, the payee of said note, but the note when offered in evidence did not contain such indorsement, or any indorsement, and because the note shows the legal title to same was in the Houston National Exchange Bank and not in the plaintiff."

When the $2,500 note in question was offered in evidence by plaintiff, defendants objected to its introduction for the reasons set out in the above assignment, and by permission of the court filed their trial amendment, and therein, together with their answers, practically admitted the execution of the contracts, mortgage, notes, etc., as alleged by plaintiff, and by said trial amendment alleged that said note for $2,500, otherwise properly described in plaintiff's petition, was not indorsed by the Houston National Exchange Bank, as alleged by plaintiff; thus rendering it unnecessary for plaintiff to file a trial amendment, which he had the right to do by permission of the court, for the purpose of properly describing said note to meet the objection of defendants, if such amendment was necessary under the pleadings of both parties. We concluded that as plaintiff's suit was based upon written contracts alleged to have been executed by defendants, and the misdescription of the note contained in plaintiff's petition was cured by defendants' trial amendment, and no denial of such execution was made under oath or otherwise by defendants, but, on the contrary, they admitted the execution of the same, and as defendants pleaded no legal defense against plaintiff's right to recover upon said contracts, plaintiff was entitled to recover upon the pleadings without the introduction of any evidence in support of the allegations of his petition except the contracts sued on, and that he was the owner of said note. The undisputed evidence shows that said note for $2,500 sued upon was made payable to the Houston National Exchange Bank for the benefit of plaintiff, and that said note was in fact the property of plaintiff, and that for the purpose of procuring a loan of $2,500 from said bank he indorsed the same, after the same had been fully executed and delivered by the Houston Transportation Company and indorsed by defendant Tod. For the reasons stated, the second assignment is overruled.

[6] Defendant John G. Tod insists that plaintiff Paine was a codefendant with him on the note sued upon, and paid the same off, and that Paine cannot sue him (Tod), his coindorser, upon the note, but can only sue his coindorser upon the implied obligation the law raises upon the part of said coindorser to contribute his share of the money paid out by Paine in discharging the note. Such contention is not tenable under the facts of this case. Defendant wrote his name on the back of said note at its inception, and before delivery, for the accommodation of the Houston Transportation Company, a corporation of which he was president and in which he was financially interested, and thereby, in effect, became a surety for the maker, Houston Transportation Company. He knew that the note was being executed for the benefit of plaintiff, Paine, in renewal of the balance of the original indebtedness, created in the purchase of said machinery. We think the undisputed facts, as hereinbefore stated, show that Paine was not a coindorser with defendant Tod, and that Tod so understood. The evidence also shows that Paine was the owner of the note in question at the time he filed his suit, and was entitled to the judgment rendered under the pleadings and evidence. In 3 R. C. L. p. 1179, § 398, it is said:

"By indorsing his name on the back of the note, and delivering it in that form to the holder, the maker does not become an 'indorser,' in the commercial acceptation of that term. He is, nevertheless, the maker of the note, his signature on its back being an essential part of its execution, and his liability is that of a maker only. He does not thereby enter into the contract of an indorser, which is to pay the note if the maker, upon demand, fails to do so at maturity, and due notice thereof is given. It would be a useless ceremony, if not a palpable absurdity, to require the holder to make demand of the maker, and give him notice of his own default in order to charge him with the payment of the note. He is liable as a maker, without demand and notice, and sustains no other legal relation to the paper which, it must be presumed, is within the knowledge of third persons who place their names on the note while in the maker's hands."

We conclude that the trial court did not err in peremptorily instructing a verdict for the plaintiff against both of the defendants. The judgment of the trial court is affirmed.

Affirmed.